## The La Fayette Insurance Company of Brooklyn vs. Rogers.

A corporation, when suing, need not aver or prove its corporate existence, upon the trial, unless it be expressly pleaded that it is not a corporation.

In an action upon a specialty, by the obligee therein named, if the complaint avers that on, &c. " the defendant made his certain bond or obligation in writing, sealed with his seal, and in the words and figures following"—giving·a copy of the instrument—and avers that the defendant has not paid the sum therein mentioned, or any part thereof, and that the whole amount thereof is still due and unpaid, this is sufficient, without any averment of a *delivery*.

APPEAL from an order made at chambers, overruling a demurrer to the complaint as frivolous, and ordering judgment for the plaintiffs.

*P. S. Crooke,* for the plaintiffs.

*H. C. Wright,* for the defendant.

*By the Court,* Brown, J. This action is brought to recover the amount due upon a bond duly executed, under seal, by the defendant, to the plaintiffs, by their corporate name of The La Fayette Insurance Company of Brooklyn, and which is set out *in hœc verba* in the plaintiffs' complaint. The defendant demurred, and assigned two grounds: 1st. That it appeared on the face of the complaint that the plaintiffs had not legal capacity to sue, in omitting to recite the act or acts of incorporation, nor the proceedings under which the plaintiffs were alleged to have been organized, nor the substance thereof; nor did it recite the title of such act or acts, or the day of the passage of the same ; and 2d. That the complaint did not state facts sufficient to constitute a cause of action. Mr. Justice Lott, sitting at chambers, overruled the demurrer as frivolous, and ordered judgment for the plaintiffs ; from which the defendant appealed to the general term.

If the question raised and presented by the first ground of

demurrer was a novel one, it would be a reasonable duty to the appealing party to examine it upon principle and authority. But it is not novel. It has been repeatedly examined and determined against the demurrer, both in this state and in England, and must be regarded as entirely settled. The latest authority is that of *The Bank of Waterville,* and *West Winfield Bank* v. *Beltser,* (13 *How. Pr. Rep.* 270.) In that case the defendant, in his answer, took the objection that the complaint did not show or refer to any law incorporating the plaintiffs, or under which they were organized. Mr. Justice Emott, who heard the argument, treated this part of the answer as a demurrer. He examined the subject at great length, and delivered a well considered opinion. He referred to numerous authorities, from the time of Lord Raymond to the present day, and determined that a corporation, when suing, need not aver or prove its corporate existence, upon the trial, unless it be expressly pleaded that it is not a corporation. In that conclusion we concur.

The next objection to the complaint, covered by the second ground of demurrer, is the omission to aver a delivery of the bond to the plaintiffs, and in not showing any title thereto in them. This ground is equally untenable with the first. The instrument declared upon is a specialty—an instrument under the hand and seal of the defendant, and the obligee therein named is the plaintiff in the action. The complaint avers that on the day named, the "defendant made his certain bond or obligation in writing, sealed with his seal, and in the words and figures following"—giving a copy of the instrument. It then avers that the defendant has not paid the sum in the said bond or obligation mentioned, or any part thereof, according to the terms and conditions thereof; and the whole amount thereof, with the interest from June 1st, 1858, is still due and unpaid, and demands judgment. The averment of a delivery to the plaintiff is clearly wanting. But it was not necessary. The delivery of a deed, though essential to its validity, need not be stated in the pleading. (1 *Chit. Pl.* 348.

1 *Saund.* 291, *n.* 1.) · In *Chappell* v. *Bissell,* (10 *How. Pr. R.* 274,) the complaint contained a copy of the note, which was payable to Chappel, the plaintiff, but did not allege a delivery; and this was the objection taken by the demurrer. Mr. Justice T. R. Strong held the complaint sufficient, both under § 162 of the code, and independent of the section. It alleges, he says, the making of the note, which includes the delivery. He cites ·several authorities. *Marshall* v. *Rockwood* (12 *How. Pr. R.* 452) presented the same question. Mr. Justice Harris held, that under § 162 of the code, when the complaint furnished a copy of the written instrument, it was not necessary to aver a delivery to the plaintiff, who is the payee. The last clause of the section is too plain to admit of any doubt, for it declares that "in an action founded upon an instrument for the payment of money only, it shall be sufficient to give a copy of the instrument, and to state that there is due to the plaintiff thereon a specified sum, which he claims." (*See also Prindle* v. *Caruthers,* 15 *N. Y. Rep.* 425.) These authorities are decisive. The demurrer was manifestly frivolous, for it set up objections to the complaint which were clearly untenable, and which had been repeatedly overruled in similar cases.

The judgment should be affirmed.

Judgment affirmed.

[KINGS GENERAL TERM, December 12, 1859. *Lott, Emott* and *Brown,* Justices.]