## MARTIN *v.* DAVIS.

PLEADING — *execution of bond.*  In a declaration on a bond, an averment that the defendant made his certain writing obligatory is sufficient as to the execution of the instrument.

BOND — *voluntary.*  A bond given upon the removal of a cause from a district court into the supreme court by writ of error, not by the plaintiff in such writ, but by a stranger to the suit, although not in the form prescribed by law, is valid as a voluntary obligation.

*Error to District Court, Arapahoe County.*

THE first count of the declaration alleges that the defendant, together with two certain other persons, namely : Oscar D. Cass and Silas W. Fisher, on the 29th of January, A. D. 1866, at the county of Arapahoe, made a certain writing obligatory, signed with his seal, and here in the court to be produced, and then and there delivered the same to the said plaintiff, etc. After setting forth the penal part of the bond, the condition is given reciting a judgment obtained in the probate court of Arapahoe county, by Davis, the obligee, against Oscar D. Cass, the principal obligor, for $1,082, and costs of suit, on appeal by Cass to the district court of Arapahoe county, and that the appeal was dismissed in

the district court. The declaration, further reciting the condition of the bond, proceeds as follows : "From which said judgment of the said district court, the said Oscar D. Cass has taken a writ of error to the supreme court of the territory of Colorado (meaning thereby, as the said plaintiff avers, that the said Oscar D. Cass has sued out a writ of error from said supreme court directed to the said probate court)," and following this, the declaration sets out the condition of the bond to prosecute the writ of error and pay the judgment, if the same should be affirmed. It is further alleged that the judgment of the district court was affirmed by the supreme court, and for breach, that the said Oscar D. Cass hath not paid the said judgment, etc.

The second count is similar to the first, except that the words in parentheses quoted from the first count are omitted, and it is alleged that the defendant alone made his writing obligatory, and it does not appear from this count that said Cass in any manner executed the same. There was a demurrer to the declaration, which was overruled, and the defendant sued out this writ of error.

Messrs. BROWNE & PUTNAM, for plaintiff in error.

Mr. ALFRED SAYRE, *contra.*

BELFORD, J. This was an action on a supersedeas bond, brought against the plaintiff in error. The declaration contains two counts. The first charges that the defendant, John H. Martin, together with Oscar D. Cass and Silas W. Fisher, made a certain writing obligatory, signed with his seal, and here in the court to be produced, and then and there delivered the same to the plaintiff, whereby the said defendant, together with the said Cass and Fisher, acknowledged themselves jointly and severally bound unto the plaintiff in the penal sum of $3,000, etc. The second count charges that the defendant alone made his certain writing obligatory, sealed with his seal, and here to the court

shown, and delivered the same to the plaintiff, etc. A general and special demurrer was filed, and overruled, and this ruling of the court is assigned for error. The special causes assigned were as follows: *First*, the plaintiff avers that the said supposed bond or writing obligatory is signed with the seal of the said defendant, without saying or averring that the said supposed bond or writing obligatory is signed by him in his name. *Second*, that the said plaintiff does not aver that the said defendant ever signed the said supposed writing obligatory.

The objections to the second count are as follows: 1st. Because the said writing obligatory is not said to be signed by the said Oscar D. Cass. 2d. Because the said supposed writing obligatory is wholly without consideration.

In answer to the objections urged to the first count, it is only necessary to say that an averment that the defendant made his writing obligatory is sufficient, for these words import of themselves a complete deed, bond or specialty. 1 Chitty's Pl. 364.

In answering the objections made to the second count a reference to the facts of the case becomes necessary. Davis obtained judgment against Cass in the probate court, from which an appeal was taken to the district court. The appeal was dismissed. A writ of error was thereupon sued out, and the case taken to the supreme court, where the judgment was affirmed. Martin executed the supersedeas bond. Without deciding whether the party appealing or suing out a writ of error must join in the bond (see *Thorn v. Savage*, 1 Blackf. 52; *Keene v. Dearden*, 8 East, 298), we think it was competent for Martin to execute this one. The delay of execution caused by the filing of it was a sufficient consideration to support the undertaking. Conceding that a bond thus executed would not be a compliance with the statute, still it would be good as a common-law obligation.

There are other errors assigned, but we do not deem them worthy of serious attention.

The judgment is                                   *Affirmed.*