10   265
13   401
10   265
Ia  117

CRANE ET AL. v. ANDREWS ET AL.

1. An answer which is evasive, frivolous, and largely made up of legal conclusions, may be properly stricken from the files on motion.
2. An appeal bond, the condition of which is "to prosecute the appeal with effect and without delay, and pay whatever judgment might be rendered against appellant on the trial or dismissal of his appeal in the district court," is clearly enough expressed to support an ac-

tion, when there is a neglect to pay the judgment rendered in the district court.

3. The penalty in an appeal bond is not the limit of the liability of the obligors therein, in an action thereon, but recovery may include the costs of the suit and damages for the detention of the debt assumed in the bond.

4. There is no distinction between the extent of the liability of the principal and surety in an appeal bond.

### *Appeal from County Court, Lake County.*

IN 1880 Crane & Co. sued Andrews & Co. in the county court of Lake county, and obtained a judgment against them for $276.35, from which Andrews alone appealed to the district court of said county, and executed an appeal bond in the penal sum of $600, with J. J. Moynahan and S. D. Bowker as sureties. On the trial of the case in the district court, judgment was rendered against Crane & Co., which, on appeal to this court by Crane & Co., was reversed, and remanded for a new trial. The case was retried in the district court of Lake county, on the 26th day of April, 1883, and judgment rendered for Crane & Co. in the sum of $399.25 and costs. This judgment was not paid by Andrews & Co., nor the sureties, nor any of the costs in the district court, nor in this court, except $2.50. Whereupon suit was brought upon the appeal bond in the district court of Lake county. To the complaint defendants interposed a demurrer that: *First,* "the complaint does not state facts sufficient to constitute a cause of action; and, *second,* that said complaint is ambiguous, unintelligible and uncertain;" which was overruled, and defendants filed the following answer:

"STATE OF COLORADO, COUNTY OF LAKE, ss.— IN THE DISTRICT COURT OF SAID COUNTY.

"*Martin H. Crane et al. vs. E. H. Andrews et al.*

"E. H. Andrews and J. J. Moynahan, two of the defendants in the above-entitled action, answering the

plaintiffs' complaint, herein, say (1) that they have not information sufficient to form a belief as to whether the plaintiffs were or are partners, as is alleged in said complaint, nor can they obtain any; that they were not at any time whatsoever indebted to the plaintiffs in any sum of money whatsoever, on the pretended bond mentioned in said complaint; that they have never incurred any liability upon said alleged bond, nor has there ever been any breach of the condition thereof on the part of these defendants; that the plaintiffs never 'received' or recovered a judgment in the district court against the defendant Andrews for the sum of $599.25, as seems to be intended to be alleged in said complaint, although these defendants are not sure that they have discovered the meaning of such complaint. (2) And for a further defense to this action these defendants say that the pretended bond mentioned in the complaint herein is unintelligible and inoperative, and that no liability has been incurred by this defendant on account thereof. Wherefore these defendants pray judgment."

Upon the motion of the plaintiffs, this answer was stricken from the files, on the ground that it was frivolous and evasive, and presented no issue of fact; and defendants electing to stand by their answer, judgment was rendered against them on the 10th day of April, 1884, upon the bond, for the sum of $657.30, to which defendants excepted, and appealed to this court, and assign three errors in the judgment and proceedings below: "First, the district court erred in striking out the answer of the defendants; second, the district court erred in giving judgment for the plaintiffs; third, the district court erred in the amount of the judgment rendered."

Messrs. MAXWELL and PHELPS, for appellants.

Mr. WM. FLETCHER, for appellees.

MACON, C. The answer is evasive, frivolous and largely made up of legal conclusions, which must have

been advanced in the argument on the demurrer, and overruled by the court, and it is not attempted to be defended by appellants in this court. The district court did right in striking it from the files.

The second assignment goes to the sufficiency of the bond in suit to maintain the action against the obligors. While it is a peculiar instrument in some of its terms and conditions, and incomplete, affording less protection to the appellees than a bond in the statutory form would have done, it contains the conditions to prosecute the appeal with effect and without delay, and pay whatever judgment might be rendered against appellant on the trial, or dismissal of his appeal in the district court; and it is for the breach of the latter condition that this suit was instituted. The conditions of an appeal bond are separate, and it is seldom that all are broken by the obligor, but suit for breach of any material condition therein may be maintained. In this case the condition broken, as alleged in the complaint, is the neglect to pay the judgment of $399.25, and the costs in the district court, and those in this court, which were all due, and should have been paid, according to the terms and conditions of the bond, on the 26th day of April, 1883; the obligation to do which is clearly enough expressed in the bond. The district court did not err in holding the bond sufficient to support the action.

The third assignment is founded upon the position that the penalty in the bond is the limit of the liability of the obligors therein, in an action on the bond, and that this limited recovery includes the costs of the suit, and damages for the detention of the debt assumed in and by the bond; and as the judgment here is for more than the penalty of the bond sued on, it is erroneous. It is needless to cite authorities to the doctrine that at this time the penalty in such bond is not considered as the debt, and is not the measure of recovery where the sum secured is less than the penalty. But where such sum is

equal to or greater than the penalty, the amount of the latter may be recovered, with damages for the detention thereof, from the breach of condition to the time of trial, with costs of suit. This rule has not been settled without great conflict of decision, and is not the rule in some of the United States, and cannot be said to be settled in England.

Sutherland, in his book on Damages, page 14, volume 2, states it thus: "The weight of American authority, however, is in favor of allowing the interest as damages beyond the penalty. The penalty is the limit of liability at the time of the breach. Interest is afterwards given, not on the ground of contract, but as damages for its violation, for delay of payment after the duty to pay damages for breach of the condition to the amount of the penalty had attached,"— citing a large number of cases in support of his position. The courts of the United States also give interest in addition to the penalty where the sum secured by the bond is equal to or greater than the penalty. *United States v. Arnold*, 1 Gall. 348, per Story, J.; *Ives v. Bank*, 12 How. 159. Nor is there any distinction between the extent of the liability of the principal and that of the surety on such bonds. In most of the cases cited in Sutherland on Damages, *supra*, the surety was involved, and interest was allowed against him.

As the judgment in this case was not so great as the sum of the judgment for $399.25, with interest thereon from April, 26, 1883, when the same was rendered, to the 10th of April, 1884, when the judgment under review was rendered; the costs in the district court and in this court; nor so large as the penalty of the bond sued on, with interest from the date of the breach of its condition, to wit, the 26th day of April, 1883, to the date of the judgment complained of,— there is no error by reason of the amount of the latter judgment, and it should be affirmed.

We concur:  RISING, C.; STALLCUP, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the district court is affirmed.

*Affirmed.*