## THALHEIMER ET AL. V. CROW ET AL.

1. PLEADING — DEMURRER.— Where several grounds of demurrer are alleged to a complaint, the first being that the complaint does not state facts sufficient to constitute a cause of action, and the demurrer is overruled, after which the defendant answers, he thereby waives all objection to the complaint except the first.
2. COMPLAINT ON APPEAL BOND — NECESSARY ALLEGATIONS.— In an action on an appeal bond, the complaint is sufficient where it sets out the bond and alleges affirmation of the judgment appealed from, and breach of one of the conditions of the bond, in that the costs upon appeal are due and unpaid.

3. LIABILITY OF SURETIES ON APPEAL BOND.— Where an appellant has failed to perfect his appeal by filing a transcript of the record within the time required by law, his sureties are still liable on the appeal bond, whether a motion to dismiss the appeal be made and allowed or not.

4. SAME — A JUDGMENT IN FAVOR OF PRINCIPAL IN ORIGINAL ACTION NOT PLEADABLE AS A SET-OFF.— In an action on an appeal bond, a judgment in favor of the principal against the plaintiffs in the action is not allowable as a set-off in favor of the sureties on the bond, where the principal is not a party to the action, and it does not appear that the sureties are interested, by assignment or otherwise, in his claim against plaintiffs.

5. SAME — EXECUTION OF ANOTHER BOND, WHEN NO DEFENSE.— It is no defense that another bond was executed to secure to the clerk of the appellate court his fees, where the plaintiffs, the former appellees, were not parties to such bond, and it did not secure to them all costs they might incur.

6. DEFENDANTS MAY NOT CONTRADICT RECITALS OF THEIR BOND.— Defendants cannot deny in their answer that judgment was rendered against their principal where such judgment is recited in the bond, whose due execution and delivery they admit.

7. VARIANCE — CLERICAL ERROR.— The insertion of the name of "Wilson" for that of "Nelson," by a clerical error, does not constitute such a variance between the bond set out in the complaint and the bond offered in evidence as could in any manner injure defendants; it being a mistake which comes within the provisions of the Code of Civil Procedure, section 81, authorizing the court to disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and providing that no judgment shall be reversed or affected by reason of such error.

8. EVIDENCE — CERTIFICATE OF CLERK.— As the law authorizes the clerk to tax the costs, his certified statements are the best evidence of the amount thereof, and, as being certified copies of a part of the record, are admissible under the Code of Civil Procedure, section 384.

*Appeal from Superior Court of Denver.*

Messrs. HARMAN & COVER, for appellants.

Mr. H. W. HOBSON and Mr. M. G. CAGE, for appellees.

RICHMOND, C. This is an action on appeal bond. In the circuit court of the United States, appellees obtained

judgment against one John E. White, agent, from which judgment White prayed an appeal; and thereupon appellants herein, who were defendants below, for and on behalf of said White, and as his sureties, executed and filed with the clerk of said circuit court the appeal bond sued on.

It appears from the record in this case that on the 28th of June, 1883, a judgment was rendered in favor of plaintiffs, appellees herein, and against John E. White, agent, in the circuit court of the United States.   17 Fed. Rep. 98.   From this judgment John E. White prayed an appeal, which appeal was allowed, conditioned upon filing the bond required.   And on the 27th of September, 1883, defendants herein filed a bond, which was approved by the judge of the court, and which acted as a *supersedeas*.   That the appeal was not perfected in strict compliance with the rule of the supreme court, in this: that the transcript was not filed within the time prescribed by the rule.   That subsequently the transcript was filed, but was not printed, by the clerk of the court, owing to the fact that the appropriation for printing abstracts of causes pending in the United States supreme court had been exhausted.   Thereupon the clerk of the court required a bond from the appellants to secure the payment of his fees.   That afterwards appellants deposited with the clerk of the supreme court the sum of $225, and that one John D. Pope, attorney for appellees, to secure the cost of printing the record, deposited $270. That the cost of printing the transcript of the record amounted to $236.75.

It further appears that at the October term, 1883, a stipulation was entered into that the cause pending should be submitted under rule 20 of that court; that appellant should file printed arguments, under the rule, on or before December 5, 1883, and in default thereof the appeal should be dismissed.   In consideration of this stipulation appellees agreed not to make any motion to dismiss the appeal.

The object of this stipulation, as testified to by the attorney for appellees, was that he wanted a decision on the merits. It further appears that the cause was submitted and fully determined by the supreme court, resulting in an affirmation of the judgment of the court below.

It further appears that John D. Pope made a demand on White for the costs, and that subsequently a stipulation was entered into by and between the attorneys for the respective parties authorizing the clerk to dispose of the unexpended balance of the sum of $225 deposited by the appellants, by paying the same to John D. Pope, which the clerk did.

Complaint recites judgment, appeal, sets out bond *in hæc verba*, affirmation of judgment, and non-payment of costs by White or the defendants.

To the complaint defendants demur, and assign the following causes therefor: (1) Because said complaint does not state facts sufficient to constitute a cause of action; (2) because said complaint does not allege that plaintiffs paid any part of the costs in said cause, nor to whom paid, nor on what service rendered, nor by whom rendered, were said costs made; (3) because said complaint does not show any liability on the part of defendants to plaintiffs; (4) because said complaint does not show that plaintiffs are injured in any manner by reason of the failure of said John E. White to pay said costs.

The demurrer was overruled, and exceptions noted. Thereupon defendants answered.

By answering defendants waived all objections to the complaint save the first: "That complaint does not state facts sufficient to constitute a cause of action." As this objection was urged on motion for new trial, and has been again referred to in the argument made before this court, we will here consider it.

The complaint is drawn in compliance with a recognized form. 1 Estee, Pl. & Pr. 566. It sets out the bond *in hæc verba*, and alleges affirmation of judgment

appealed from, and breach of one of its conditions, *i. e.*, non-payment of costs, and that the same is due and unpaid. We deem this sufficient. Bliss, Code Pl. § 158; *Insurance Co. v. Rogers*, 30 Barb. 491; Boone, Code Pl. par. 127.

In suit upon an appeal bond recovery may include costs. *Crane v. Andrews*, 10 Colo. 265.

Defendants, by their answer, allege, among other things, as a third, fifth and sixth defense: "*Third.* Defendants, for a third and other defense in their cause, state that in said cause of *John E. White, Agent, v. Crow et al.*, on or about the 28th day of June, A. D. 1883, in the circuit court of the United States in and for the district of the state of Colorado, a judgment was rendered in favor of said White, agent; but that the court, in rendering said judgment and decree of the court, refused to grant him as full, ample and complete relief as he thought himself entitled to, and dismissed certain portions of his bill in equity without prejudice. Whereupon said White prayed an appeal to the supreme court of the United States, which was granted, upon the condition that he file within three months a bond in the sum of $500. That afterwards, on the 27th day of September, 1883, said White did file an appeal bond, being the same bond referred to by the plaintiffs. That to appeal said cause said White, agent, was required by law and the statutes of the United States, and the rules of the supreme court, in such cases made and provided, to file the record of said court, and the allowance of said appeal and said bond, in the office of the clerk of said supreme court, on or before the 6th day of the October term, 1883, of said court, to wit, on or before the 14th day of October, 1883. Defendants aver the fact that said White failed, neglected or refused to file said record in said supreme court on or before the said 14th day of October, 1883, by reason of which the right to appeal or to perfect said appeal ended and was lost, and said cause was not appealed,.

whereby any and all liability of the defendants for costs accruing after said time ceased,— all of which facts the defendants plead in bar of plaintiffs' right to recover for any costs made in said cause in the supreme court."

"*Fifth*. Defendants, for the fifth and other defense in this cause, state that the plaintiffs, long before, at the time of, and ever since the beginning of, this suit, have been and are now largely indebted to John E. White, agent, in the sum of $3,253.90, on a certain judgment and decree of the court rendered in the circuit court of the United States in and for the district of Colorado; and if it be true that said White, agent, has not paid all of the costs of said suit, and defendants are liable for any part of the same to the plaintiffs herein, then defendants ask that so much of said amounts aforesaid be set off against any amount due plaintiffs. The defendants aver that said judgment and indebtedness arises out of the transaction set forth in the complaint and is connected with the subject of this action.

"*Sixth*. The defendants, for a sixth and other defense in the cause, state that on or about the 14th day of December, 1883, said record being filed as aforesaid, and in furtherance of obtaining the decision of the said supreme court as aforesaid, and to carry out the plan and agreement aforesaid, the said White, agent, caused a bond of indemnity and security for the costs to be made in said supreme court to be given to said clerk, which said bond was accepted by said clerk, and said costs in said supreme court were made by said clerk relying on the security of the bond, and not on the bond given by defendants herein, which facts defendants plead in bar of plaintiffs' action."

To all of which the court sustains the demurrer of plaintiff, and this is assigned for error.

The query presented by the demurrer to the foregoing defenses is, Does either of them constitute a defense to the cause of action set forth in the complaint? We think not.

As to the third defense, the failure to perfect the appeal within the time fixed by law or the rules of the court does not of itself deprive appellants of their appeal. True it is, appellees might have docketed the cause, and upon motion had the appeal dismissed. This action, however, was optional with appellees, and they did not see fit to do so. It has been repeatedly held by the United States supreme court that, "when the transcript has been filed at any time within the term next succeeding the allowance of the appeal, it was sufficient, provided no motion to dismiss had been made." *Sparrow v. Strong,* 3 Wall. 103, and cases in note.

If the motion to dismiss had been made and allowed, the appellants as sureties were equally liable. Brandt, Sur. 542; *Ellis v. Hull,* 23 Cal. 161.

Besides, it appears that White had the benefit of the appeal, and they cannot now be permitted to say that under the rules he was not entitled to it, or to complain of the action of the supreme court in passing upon the question presented.

The fifth defense is in the nature of a set-off or counter-claim. It is alleged that the plaintiffs are indebted to John E. White, agent, in a certain sum of money, and it is asked that so much of said amounts may be set off against any amount found to be due plaintiffs in this action.

John E. White is not a party to this action, nor does it appear that the appellants are in any way, directly or indirectly, interested, by assignment or otherwise, in the claim of White; nor do we think that this defense comes within the rule allowing sureties, when sued for the debt of the principal, to avail themselves of a set-off existing in favor of the principal. All of the cases referred to by appellants in support of this principle are cases where the principal was made a party to the proceedings with the surety, or the principal had assigned his interest in the claim to the surety. The party resorting to a set-off

must have a legal or equitable right to sue for the demand. Wat. Set-off, 47.

Neither do we think this defense comes within the provisions of the code allowing counter-claims or set-offs. Code, §§ 62–64; Gen. St. 1883.

A separate demand cannot be set off against a joint demand. *Thatcher v. Rockwell,* 4 Colo. 375; *Ingols v. Plimpton,* 10 Colo. 535.

The sixth defense is an attempt to avoid responsibility upon the bond sued upon by pleading the execution and delivery of another bond to the clerk of the appellate court to secure costs accruing in that court. This last-mentioned bond did not secure appellees all costs they might incur; they were not parties to it. It was made to secure the clerk his fees, and it in no sense constituted a defense to the original bond executed and filed at the time the appeal was allowed, and without which no *supersedeas* would have been allowed.

A motion was made to strike out the following averments in the first defense: "Defendants deny that on the 28th day of June, 1883, or at any other time, there was rendered in said court a judgment in favor of the plaintiffs, and against said John E. White, agent, by which said White, agent, was required to pay all or any part of the costs of said suit." " That defendants deny that on the 21st day of January, 1884, or at any time, any judgment was appealed from, or that any judgment described by the plaintiffs in their complaint as 'the judgment appealed from as aforesaid,' was by said supreme court affirmed." "The defendants deny that John E. White, agent, was adjudged to pay all or any part of the costs in said suit."

The motion was sustained. In this we think there was no error.

These were denials of matters recited in the bond, the due execution and delivery of which is admitted by the pleadings. It is not competent to deny by answer a

former admission of the facts stated in the instrument executed, and without which admission an appeal could not have been taken.   *Arnott v. Friel,* 50 Ill. 175.

Besides, the answer constitutes no defense.   The rule is that costs follow the judgment, and, if the judgment appealed from was as defendants contend, it might have been in favor of White for costs, and against him on the merits; then they should have set out that fact in their answer.

The next error assigned is in admitting the bond sued on in evidence over the objections of defendants.   The objection principally relied upon is a variance between the bond offered in evidence and the bond set out in the complaint.   From the record this variance is not disclosed, but from the argument we learn that it consists in inserting the name of " Wilson " for " Nelson,"— a clerical error, which in no way misled the defendants or that could in any manner operate to prejudice or injure them, a mistake which could have been readily corrected by amendment, and which, in our judgment, comes within the provisions of section 81 of the code (Gen. St. 1883): "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error."   *Harvester Co. v. Clark,* 30 Minn. 308; *Regan v. O'Reilly,* 32 Cal. 11; *De Lappe v. Sullivan,* 7 Colo. 182.

The objection to the admission in evidence of the certified statements by the clerk of the United States circuit court of the costs in that court and the United States supreme court, we deem untenable.   The law authorizes the clerk to tax the costs, and his certificate under the seal of the court that it is a true tax-bill is, in our judgment, the best possible evidence of the amount which plaintiffs could produce.   This appears to be in conformity with the rules of the United States courts.   This tax-

bill becomes a part of the files (Desty, Fed. Proc. § 988), and is presumed to be correct until the contrary is shown (*Parisher v. Waldo*, 72 Ill. 71). Besides being a part of the judicial record, it was admissible under the provisions of section 384 of the code. Gen. St. 1883.

The statement of the clerk of the United States supreme court was admissible, under the stipulation between the attorneys, as by the pleadings the question of payment of any costs in that court by appellees was in issue; therefore plaintiffs were bound to prove that fact. The only objection, under the stipulation, that defendants could urge against the admission of it was that it was irrelevant or immaterial, and, unless irrelevant or immaterial testimony operates improperly, new trial will not be granted. 2 Grah. & W. New Trials, 603–647.

Docketing cause and printing transcript, upon failure of appellants to do so, was certainly within the privilege of appellees. *Railroad Co. v. Collector*, 96 U. S. 594. Judgment was rendered for the sum of $347 in favor of plaintiffs. Of the amount no complaint is made.

We perceive no error in the proceedings. Judgment should be affirmed.

PATTISON and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*