Jacobs, Treas., *v.* Curtiss.

────────────────

HIRAM JACOBS, TREASURER, *vs.* JOHN W. CURTISS.

Third Judicial District, New Haven, January Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

An allegation in a complaint upon a joint and several bond that "the defendants bound themselves by a writing under seal," implies a delivery upon the part of each defendant, and is a sufficient averment thereof.

In an action upon a joint and several liquor license bond alleged to have been given by the defendant as surety and one *H* as principal, the defendant, without denying the allegations of the complaint, pleaded as a special defense that the bond was never executed by *H* nor by any one having authority to sign for him. *Held* that inasmuch as this defense was consistent with a knowledge upon the part of the defendant at the time he executed and delivered the bond as his own obligation, that *H* had not signed as principal, and that *H's* name had been signed without authority, it constituted no defense to the defendant upon his separate liability, and was therefore properly adjudged insufficient upon demurrer.

As a second special defense the defendant alleged that he had been requested by one *B* to sign his license bond, and did not notice at the time who was named as principal in the bond, or whose name *B* (who in fact signed *H's* name in the defendant's presence) had subscribed as principal, but believed that he was signing as surety the bond of *B*.

*Held* that as it was not alleged that the defendant was unable to read or in any way misled or prevented from ascertaining the exact and entire truth about the instrument he signed, his failure to learn the truth must be regarded as the result of his own culpable negligence, so far as the plaintiff, who had no notice or knowledge of these facts, was concerned; and that a demurrer upon these grounds was properly sustained.

[Argued January 30th—decided April 15th, 1896.]

ACTION to recover the amount of a liquor license bond, brought to the Court of Common Pleas in New Haven County and tried to the court, *Hotchkiss, J.*, upon the plaintiff's demurrer to the answer of the defendant; the court sustained the demurrer and thereafter rendered judgment for the plaintiff, and the defendant appealed for alleged errors in the rulings of the court.    *No error.*

The case is sufficiently stated in the opinion.

*E. P. Arvine* and *Charles C. Ford*, for the appellant (defendant).

The court erred in sustaining the demurrer to the second defense.   By this defense it appears that the principal named in the bond did not sign it.    There can be no obligation on the surety, unless there is an obligation on the part of the principal.    Chitty on Contracts, 499; *Ferry* v. *Burchard*, 21 Conn., 603; *Booth* v. *Patrick*, 8 id., 108; *Eising* v. *Andrews*, 66 id., 64.   An instrument like that in suit ordinarily is, and should be, executed by all the intended parties.    It was for the plaintiff to show that although not thus executed, the defendant had consented to its delivery under such circumstances that it would bind him, even if it were inoperative and invalid as against the principal.    *Adams* v. *Bean*, 12 Mass., 137; *Bean* v. *Parker*, 17 id., 591; *Wood* v. *Washburn*, 2 Pick., 24; *Russell* v. *Annable*, 109 Mass., 72; *Goodyear Dental Vulcanite Co.* v. *Bacon*, 151 id., 460; *Johnson* v. *Kimball Township*, 39 Mich., 189; *Bunn* v. *Jetmore*, 70 Mo., 228; *Martin* v. *Hornsby*, 55 Minn., 187; *Fletcher* v. *Austin*, 11 Vt., 447; *Sharp* v. *United States*, 4 Watts, 21; *Wells* v. *Dill*, 1 Mart., N. S., 592; *Hall* v. *Parker*, 37 Mich.,

590; *Hessell* v. *Johnson*, 63 id., 623; *Wild Cat Branch* v. *Ball*, 45 Ind., 213; *Allen* v. *Marney*, 65 id., 398; *Markland Co.* v. *Kimmel*, 87 id., 560; *People* v. *Hartley*, 21 Cal., 585; *Board of Ed. of Rapid City* v. *Sweeney*, 1 S. Dakota, 644; *Cornell* v. *People*, 37 Ill. App., 490; *Seeley* v. *People*, 27 Ill., 173. The court erred in sustaining the demurrer to the amendment to the third defense. It appears that Hammersley's name was signed without authority, and that the defendant was defrauded and deceived. Under these circumstances there was no completed contract when the bond was delivered to the county commissioners. There was no principal, and no liability was created against the surety, even though the obligee received it without notice of the imperfection or condition. *People* v. *Bostwick*, 32 N. Y., 445; *Bibb* v. *Reed*, 3 Ala., 88; *Gould* v. *Thomas*, 54 id., 414; *Simons* v. *Jones*, 6 How. (Miss.), 123; *Perry* v. *Patterson*, 5 Humph., 133; *Loren County* v. *Ferris*, 52 Mo., 75. The county commissioners must be held to have known that signing by the principal was a condition necessary both to its acceptance by them and its validity against the surety.

*Frederick W. Holden* and *Carlos H. Storrs*, for the appellee (plaintiff).

The court was correct in sustaining the demurrer to the second defense, and in holding that the fact that the bond declared upon was not executed by Hammersley, was no defense for the defendant Curtiss. If a bond on the face of it purports to be the joint bond of two or more, but is executed and delivered by one only, it is his several bond. *Wood* v. *Ogden*, 16 N. J. L., 453. A joint and several bond executed by the surety only, binds the surety, because it is a several obligation as soon as unconditionally delivered. *Loew* v. *Stocker*, 68 Pa. St., 227; *Krutz* v. *Forguer*, 94 Cal., 91. The liability of a surety signing a joint and several bond, instead of being joint, is several. *City of Los Angeles* v. *Mellus*, 59 Cal., 444. Where the liability of the principal in a bond is fixed by contract, or by operation of law, the failure of the principal to sign the bond does not effect the liability of the

sureties thereon. *Cockrell* v. *Davie*, 14 Mont., 131; *Krutz* v. *Forguer*, 94 Cal., 91; *People* v. *Stacy*, 74 Cal., 374; *Welch* v. *McKane*, 55 Conn., 30. A bond signed by surety and actually delivered without stipulation, cannot be avoided on the ground that it was signed on a condition, where it appears that the obligee had no notice of such condition, and was induced on faith of such bond to act to his prejudice. *Dair* v. *United States*, 16 Wall., 1; *Butler* v. *United States*, 21 id., 274; *City of Deering* v. *Moore*, 86 Me., 181. The defendant is estopped from disputing, not only the bond itself, but every fact which it recites. *Stow* v. *Wyse*, 7 Conn., 214; *Dair* v. *U. S.*, *supra;* *State* v. *Peck*, 53 Me., 284; *State* v. *Pepper*, 31 Ind., 76; *Millett* v. *Parker*, 2 Metc. (Ky.), 608; *Bond* v. *Storrs*, 13 Conn., 412; *Arthur* v. *Sherman*, (Wash.) 39 Pac. Rep., 670. It was the duty of the defendant, who had a full opportunity to know whether Barrows, on whose bond he was willing to sign as surety, was practicing a fraud upon him. *Smith* v. *Peoria County*, 59 Ill., 418; *Butler* v. *U. S.*, *supra.*

TORRANCE, J. This is a suit upon a joint and several bond given under the laws relating to the sale of intoxicating liquors, upon the issue of a license to Hammersley, the principal named in the bond.

The action was brought against Hammersley and his surety Curtiss, but no service was made upon Hammersley, because he could not be found, and Curtiss alone defends. The complaint sets out the bond and a breach of it, in the usual form.

The pleadings, as they now stand, consist of three special defenses; but one of these, the last one, alleging in substance that Hammersley had not been convicted of violating his license, may be laid out of the case; for it is clearly untenable, and was very properly abandoned upon the argument. The plaintiff demurred to the other two special defenses, the court below sustained the demurrer, and whether it erred in so doing is the question upon this appeal.

The first of these two special defenses is this: "The bond

described in said complaint was never signed or executed by said William Hammersley as principal, or by any one having authority to sign for him." To this the plaintiff demurred, "because said bond described in said complaint is a joint and several bond, and if the same was not signed by the said Hammersley, or by his authority or consent, it is no defense for the defendant" Curtiss.

The claim and argument of the defendant on this part of the case is this : The defendant, Curtiss, must be presumed to have signed this bond upon condition that Hammersley, the principal named therein, should sign it also, and the obligee to have received it with knowledge that unless so signed it would not take effect; it is of no consequence then whether the bond be joint or joint and several, for the question is whether any obligation at all was created, inasmuch as the condition on which Curtiss' liability depends was never performed.

This reasoning is inapplicable to this case as it now stands. The complaint alleges "that on the 20th day of March, 1894, the defendants bound themselves by a writing under seal, to pay to the plaintiff the sum of three hundred dollars," and then sets out the writing as an exhibit. From this exhibit it appears that the bond, upon its face, was complete, and was apparently executed by all the persons named in the body of it. Furthermore, the above allegation of 'the complaint is equivalent to an express allegation that Curtiss delivered the bond in its present condition, as and for his bond. The delivery of a bond, though essential to its validity, need not be expressly stated in the complaint. The allegation that the "defendants bound themselves by a writing under seal," is a sufficient averment of delivery, as that imports and implies delivery. "An allegation that J. S., on the 20th of November, by his writing of that date, acknowledged himself bound to J. N., is equivalent to a direct averment that the bond was delivered on that day." 1 Swift's Dig., s. p. 179. "The allegation in the complaint, that the undertaking was *executed* by the defendants, is a sufficient allegation, and, there being no denial in the answer, suffi-

cient proof of the complete execution, including the delivery, of the instrument, and no proof of its execution and delivery was necessary." *Robert* v. *Good*, 36 N. Y., 408, 410; *Martin* v. *Davis*, 2 Colo., 313; *The La Fayette Ins. Co.* v. *Rogers*, 30 Barb., 491; *State ex rel. Phillips* v. *Rush*, 77 Mo., 586.

In legal effect then the complaint alleges that Hammersley and Curtiss delivered this bond; and it further expressly alleges that a license was thereupon issued to Hammersley and that he committed a breach of the bond. The allegations of the complaint are not denied by Curtiss, and must therefore be taken as admitted. Practice Book, Rule IV., § 4, p. 16; *Lamphear* v. *Buckingham*, 33 Conn., 237.

Curtiss, thus admitting that both he and Hammersley delivered the bond as it is, now says, in effect, that Hammersley's signature to the bond is a forgery. But if Curtiss knew this when he himself delivered the bond, the fact that Hammersley did not sign is of no consequence. The bond is none the less Curtiss' several obligation. If he knew that Hammersley had not signed it as principal, but intending nevertheless to be himself bound as surety, executed the bond and delivered it as and for his bond, he may be held liable upon it. *Goodyear Dental Vulcanite Co.* v. *Bacon*, 148 Mass., 542. If he had no such knowledge at the time, it was a matter peculiarly within his own cognizance and he ought to have averred it in his special answer; for it is material. We cannot assume in his favor that he had no such knowledge. No fact can be assumed in favor of the party pleading, except it be directly averred, or arises by necessary inference; but on the contrary the construction shall be taken most strongly against him. *Griswold* v. *Mather*, 5 Conn., 435, 438; *Gaylord* v. *Payne*, 4 Conn., 190, 194.

So far then as the special answer now under consideration is concerned, the record, even taking the view most favorable to the defendant, shows that with knowledge that the principal had not signed, Curtiss delivered the bond as his own, intending thereby to bind himself. The demurrer to the special answer now in question was properly sustained.

The other special answer states, in substance, that one Barrows requested Curtiss to become surety upon a liquor license bond in which Barrows was to be principal; that he met Barrows at the office of the county commissioners for the purpose of executing such bond; that while there the bond in suit was made out by one of the commissioners and handed to Barrows; that Barrows instead of signing his own name as principal, signed that of Hammersley, in whose name as principal the bond was made out; that Curtiss did not know Hammersley, nor that he had applied for a license to sell liquor, nor had Curtiss agreed nor did he intend to become surety upon Hammersley's bond; that the representations made by Barrows were false and untrue, were made to deceive Curtiss, and did deceive and induce him to sign said bond; and that after seeing "Barrows writing upon said bond as aforesaid, said Curtiss signed his name to the same as surety, without taking any notice as to who the principal named in said bond was, or as to what name the said Barrows had written upon said bond as principal, believing that the representations made by Barrows aforesaid were true, and that the bond upon which he was putting his name as surety, was none other than that of said Sam. Barrows."

The plaintiff demurred to this answer on the ground, in substance, that it was not therein alleged that the plaintiff at the time when said bond was executed and delivered, had any notice or knowledge of any of the matters of fact set forth in the answer; and because it therein appeared that Curtiss before he executed and delivered said bond, had full opportunity to know, and ought to have known, that the principal named in the bond was Hammersley, and that the bond purported to be executed by Hammersley as principal.

The answer contains no allegation that Curtiss is an illiterate man unable to read the bond, nor that it was misread to him, nor that he was in any way prevented from ascertaining the exact and entire truth about the instrument he signed; and it must be taken as admitted, from his own statement, that he had the ability and a full opportunity to ascertain the truth. His failure to learn the truth was the

result of his own culpable negligence, so far as the plaintiff is concerned; and *quoad* the plaintiff, he must be taken to have known that Barrows signed Hammersley's name to the bond.

The record thus shows that Curtiss and Barrows delivered to the county commissioners a bond (upon which a license was at once issued), perfect upon its face, apparently duly executed by all whose names appear therein, and which purported to be signed and delivered by the several obligors and which was then and there delivered without stipulation, reservation, or condition of any kind; and this bond they delivered to an obligee who had no notice from the face of the bond, or otherwise, of any infirmity of any kind affecting the legal validity of the instrument. Under these circumstances we are of opinion that the facts set up in the answer constituted no defense to the action.

There is no error.

In this opinion the other judges concurred.