HIRAM JACOBS, TREASURER, *vs.* KATE HOGAN ET AL.

Third Judicial District, Bridgeport, April Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

An allegation that the bond sued upon was "executed" by the defendants is an allegation of its due delivery.

Section 874 of the General Statutes provides that if a defendant intends to controvert the execution or delivery of the written instrument sued upon, "he shall deny the same in his answer specifically." *Held* that an answer to the effect that the defendant had not sufficient information to form a belief as to the allegations of the complaint, and therefore left the plaintiff to prove them, was not a compliance with the statute, and that under such an answer the defendant could not disprove the alleged execution of a liquor license bond upon which the plaintiff sought a recovery.

An alleged agreement between the surety on a bond which was duly executed and delivered, and some third person, not named in the bond, that the instrument should not be delivered until such third person had signed it, is no defense in an action by the obligee, in the absence of an averment that the plaintiff had notice or knowledge of such agreement.

If a party whose pleading has been successfully attacked by demurrer fails to claim that there are other issues upon which he is entitled to trial, and consents that final judgment may be entered for his opponent, he waives the right to urge such claim upon appeal in this court.

Submitted on briefs April 19th—decided May 29th, 1901.

ACTION to recover the amount of a liquor license bond, brought to the Court of Common Pleas in New Haven County and tried to the court, *Bishop, J.,* upon a demurrer to the answer; the court sustained the demurrer and rendered judgment for the plaintiff, and the defendant Joseph Corr appealed for alleged errors in the rulings of the court. *No error.*

The complaint alleges the execution of the bond (which is set out in full), and also the facts by virtue of which it became forfeited. The principal in the bond is the defendant Kate Hogan, and the surety is the defendant Joseph Corr. The bond is joint and several. The condition, after reciting

the application of said Kate Hogan for a liquor license, is that if said license shall be issued and said Kate Hogan shall duly observe the law applicable to licensed dealers, the bond shall be void, otherwise to remain in full force.

The answer of the defendant Joseph Corr alleges : " 1. The defendant Joseph Corr has not sufficient information to form a belief as to the allegations in the complaint, and therefore leaves the plaintiff to prove the same.    2. The bond described in the complaint was signed by the said Joseph Corr upon the condition that it should not be delivered until it was signed as principal by Michael Hogan, the husband of the other defendant Kate Hogan.    3. The bond in question was never signed by the said Michael Hogan."

The plaintiff demurred to the answer because it was not alleged and did not appear therefrom that the plaintiff had knowledge or notice of the alleged conditional signing.

The court (*Bishop, J.*) sustained the demurrer and, upon consent of the defendants, rendered final judgment for the plaintiff.

The appeal assigns error in sustaining the demurrer.

*John O'Neill,* for the appellant (defendant Joseph Corr).

*Wilson H. Pierce,* for the appellee (plaintiff).

HAMERSLEY, J. In support of the sufficiency of the second paragraph of his answer, the defendant Corr relies on the principle that a conditional delivery of a bond is not a delivery until the condition has been fulfilled.    This principle is not involved in the decision upon the demurrer.    The complaint alleges the execution of the bond.    This is an allegation of its delivery.    *Jacobs* v. *Curtiss,* 67 Conn. 497, 501.    In failing to specifically deny the execution and delivery of the bond as alleged (General Statutes, § 874), the defendant, for the purposes of the case, admits the execution and delivery; these facts must be accepted upon trial as proved without the production of evidence.    *Garland* v. *Gaines,* 73 Conn. 662.

As the answer neither denies the delivery nor alleges a conditional delivery, but admits that the bond (upon its face valid in every particular) was delivered to the obligee, the fact alleged in paragraph 2—that when the defendant signed the bond there was some condition or agreement that it should not be delivered until Michael Hogan (unnamed in the bond) should add his signature as principal—is no defense to this action by the obligee, in the absence of all notice to him of such alleged agreement between the defendant and some unknown person. *Greathead* v. *Walton*, 40 Conn. 226, 235; *Jacobs* v. *Curtiss*, 67 id. 497. The last cited case substantially governs this. The demurrer was therefore properly sustained as to paragraph 2 of the answer, because it does not appear therefrom that the plaintiff had any knowledge or notice of the alleged conditional signing.

In failing to claim that sustaining the demurrer on this ground left other issues on which he was entitled to trial before final judgment could be rendered, and in consenting that final judgment might be entered for the plaintiff, the defendant has waived the right to raise any question (assuming the matter to be doubtful) in respect to such claim. No such claim was urged in argument, and no error of this nature was assigned in the appeal.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.