BRADFORD v. HUNT. See Case No. 1,217.

---

## Case No. 1,769.
### BRADFORD v. JENKS et al.
[2 McLean, 130.][2]
Circuit Court, D. Illinois. June Term, 1840.

RECEIVERS — ACTIONS BY IN FEDERAL COURTS— FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP—NEGOTIABLE INSTRUMENTS — ACTIONS ON—NOTE PAYABLE TO BEARER—WHO MAY SUE.

1. A receiver in the state of Michigan, appointed under the act which provides for the voluntary dissolution of bank corporations, &c., stands in the relation of the assignee of an insolvent debtor.

2. And if such receiver sue in the courts of the United States he must show that the court

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

could have taken jurisdiction, as between the defendants and the bank.

3. Though the note, on which the suit be brought, be payable to the bank or bearer, the receiver can not sue as the bearer of the note, as he does not hold it in that right. He does not own, except as trustee, the property in the note, and did not receive it in the ordinary course of business.

4. A note payable to a payee, named, or bearer, may be sued for, by any person who received it in the course of business, in his own name, in the courts of the United States, without noticing the payee named. The promise to pay, is as much to the bearer, as to the person named.

[Cited in Towne v. Smith, Case No. 14,115; Cooper v. Thompson, Id. 3,202; Halsey v. Township of New Providence, 3 Fed. 367.]

[See Bank of Kentucky v. Wister, 2 Pet. (27 U. S.) 319; Bonnafee v. Williams, 3 How. (44 U. S.) 574; White v. Vermont & M. R. Co., 21 How. (62 U. S.) 575; Halstead v. Lyon, Case No. 5,968; Sackett v. Davis, Id. 12,203.]

5. Quere.—Whether the assignee of an insolvent can sue, in his own name, in a foreign jurisdiction.

[See Holmes v. Sherwood, 16 Fed. 725; Chandler v. Siddle, Case No. 2,594; Brigham v. Luddington, Id. 1,874.]

[At law. Action by Vincent L. Bradford, receiver of the Berrien County Bank, against Levi Jenks and others on a promissory note. Plaintiff's demurrer to plea of defendant sustained.]

Mr. Goodrich, for plaintiff.

Mr. Arnold, for defendants.

OPINION OF THE COURT. The plaintiff, who is a citizen of Michigan, in his declaration, states that the defendants, on the 14th of February, 1838, at Niles, Berrien county, state of Michigan, gave their note, by which they promised to pay the President, Directors & Co. of the Berrien County Bank, or bearer, three thousand dollars, at their bank in Niles, Berrien county, Michigan; the two first as principals, and the others as securities, for value received, twelve months after date. And that afterwards, at Niles, aforesaid, to wit, 1st January, 1839, the said promissory note came into the hands and possession of the said plaintiff, for a good and valuable consideration, by him then and there paid, &c.

The defendants pleaded, that the note did not come into the hands of the plaintiff for any good or valuable consideration, by him then and there paid; nor did the said plaintiff become the lawful bearer and holder of said note, in manner and form, &c. And they say, after the said note became due, to wit, 1st March, 1839, to wit, at Berrien, in Michigan, such proceedings were had; that the said plaintiff became, and was appointed, the receiver of the Berrien County Bank, who was then and there appointed by law to take charge of the effects of said bank, and authorized to receive and collect the same; that the note was a part of the effects, and came to the plaintiff's hands as receiver, and not otherwise. And the defendants aver, that the stockholders of the bank are not all resi-

dents of the state of Michigan; and that some of them are citizens of the state of Illinois, the same state of which the defendants are citizens, and they pray judgment, &c. Demurrer to plea, &c.

The act of Michigan, referred to, was passed the 15th April, 1839 [Sess. Laws, 94], and is entitled "An act to provide for the voluntary dissolution of corporations, and to prescribe the duties of receivers in chancery, in certain cases," &c. The 10th section provides that "such receivers, when appointed, shall be vested with all the estate, real and personal. of such corporation, from the time of their having filed the security, hereinbefore required, and shall be trustees of said estate for the benefit of the creditors of such corporations, and for the benefit of its stockholders." And the 25th section provides: "Whenever a receiver of the property or effects of a corporation has been appointed before its dissolution. or afterwards, new suits may be brought, and carried on by such receivers, either in their own names, or in the name of the corporation for which they shall have been appointed; but no new suit shall be brought in the name of a corporation after it shall have been dissolved, or after the expiration of its charter."

The demurrer admits the truth of the plea; but the plaintiff insists that the note, on which the action is brought, is made payable to bearer, and that the plaintiff has a right to bring the action in his own name, having come lawfully into the possession of the note, without stating from whom he received it. In the case of Bank of Kentucky v. Wister, 2 Pet. [27 U. S.] 326, the court say: "The other point has relation to the form of the bills, which are made payable to individuals or bearer, concerning which individuals there is no averment of citizenship, and which, therefore, may have been payable, in the first instance, to parties not competent to sue in the courts of the United States. But this, also, is a question which has been considered and disposed of in our previous decisions. This court has uniformly held, that a note payable to bearer, is payable to any body, and not affected by the disabilities of the nominal payee." The promise is in the alternative, to pay the person or corporation named, or bearer; and the obligation to pay the bearer, is as strong as to pay the payee, named in the note. These being the original terms of the note, it is unnecessary to aver or prove any assignment or transfer of the note to the holder. It is proper that he should set out, in his declaration, as the plaintiff has done in this case, that the note came into his hands for a valuable consideration. The possession of the note is prima facie evidence that the holder received it in the course of business; and the manner of receiving it, or the consideration paid, need not be proved, unless it shall become necessary from the plea or defence set up by the maker of the note. But, in this case, the plea negatives the presumption, by stating that the plaintiff came into the possession of the note, not in the course of business and for a valuable consideration, but as the receiver of the bank, acting under a special law, and for the benefit of the creditors and stockholders of the bank. He acts as trustee, and not in his own right. The property of the note is vested in him, in his fiduciary character only, the same as an administrator, or the assignees of a bankrupt. Can he, then, be considered as the bearer of the note, in a commercial sense of the term? which is the light in which he must be considered, as having a right to bring the action in his own name. The note, being payable to bearer, passes by delivery; and, any payment made to the bank, or to any prior holder, can not be good, unless made to the holder of the note, and a notice of such payment be given to the person who subsequently receives the note, in the course of business, and before he receives it. In this case, it will not be contended that the defendants may not show a payment to the bank, or any matter of offset, which might be pleaded, if the suit were brought in the name of the bank. From this it appears, that if the suit may be brought in the name of the receiver, he can not be treated as having the right of property in the note, but as a mere agent or trustee for the bank. An executor or administrator can not sue, as such, beyond the jurisdiction which confers his power, unless the laws of the foreign jurisdiction shall authorize him to do so. And why does not this principle apply to the receiver in this case? There seems to be a strong analogy in the two cases. Under the 11th section of the judiciary act of 1789 [1 Stat. 78], no assignee can bring an action in the federal courts, unless, as between his assignor and the defendant, the court had jurisdiction. And this must be shown in the declaration. [Mollan v. Torrance] 9 Wheat. [22 U. S.] 537. This note came into the possession of the plaintiff, not in the course of business and for a valuable consideration, but as assignee, in the manner stated in the plea. And, this being the case, a question arises, whether the declaration is not defective, in not setting forth the assignment.

A case in all respects analogous to the one under consideration, is, where an insolvent assigns his effects for the benefit of his creditors. The legal right to the property is vested in the assignee, and he may sue in his fiduciary character. In the case of Sere v. Pitot, 6 Cranch [10 U. S.] 332, the supreme court decided, that a general assignee of the effects of an insolvent, can not sue in the federal courts, if his assignee could not have sued in those courts. This conclusion is arrived at by the court, on a particular examination of the language and object of the act of congress, which applies to the subject. In the above case the plaintiffs were aliens, but the insolvent assignor

was a citizen of Louisiana; and, as he could not sue in the federal court of Louisiana, the court held that his assignees could not. In this respect, a distinction is made between the assignees of an insolvent, and executors or administrators; for the latter may sue or be sued, if they are citizens of a different state from the other party, although their testators, or intestates, had not this right. [Childress v. Emory] 8 Wheat. [21 U. S.] 642. No distinction can be drawn between the duties and powers of the plaintiff as receiver, or assignee of the bank, and the assignee of an insolvent, which shall place them on different principles in regard to the right of suing in the federal courts. They are both assignees, in law, of the effects of insolvents, and their duties are substantially the same. From this view, the authority cited from Cranch, must be conclusive.

The plaintiff can only sue as assignee; and he attempts to maintain the action in his own name, as the bearer of the note, to whom the promise of payment was originally made. We think this can not be done, in the face of the facts stated in the plea. The demurrer reaches the declaration, and, taking it, in connection with the plea, it appears that the plaintiff has mistaken the right by which he may sue; and that, if the suit be brought by him as assignee, it can not be maintained, as a part of the stockholders of the bank are citizens of Illinois, and were so, when the action was commenced. We are also inclined to think, though it is unnecessary to decide the point, that if the assignee bring a suit for the benefit of the bank, in any other state than that of Michigan, he must bring the suit in the name of the bank. It is clear that, in seeking a remedy in a foreign jurisdiction, he must seek it in pursuance of the recognized forms of procedure in such jurisdiction; and, if there be no authority under which a foreign assignee of an insolvent can sue in his own name, the name of the assignor must be used. 2 Pet. Dig. 685. The demurrer to the plea is sustained.