WEED (WOODWORTH v.). See Case No. 18,022.

WEED, The SARAH J. See Case No. 12,350.

## Case No. 17,348.

WEED SEWING MACH. CO. v. WICKS
et al.

[3 Dill. 261;[1] 2 Cent. Law J. 475.]

Circuit Court, W. D. Missouri. April Term, 1875.

PRACTICE—PARTIES—ACT OF JUNE 1, 1872—REAL PARTY IN INTEREST.

1. Since the act of congress of June 1, 1872 (17 Stat. 197, § 5), the provisions of the state statutes as to pleading and practice in purely legal actions are in the main applicable to such actions in the circuit court of the United States.

2. Where the state law directs or authorizes all suits to be brought in the name of the real party in interest, this will, in the absence of some special statute of congress, give the like party the right to sue in actions at law in the federal courts sitting in such state.

[Cited in Albany & Rensselaer Iron & Steel Co. v. Lundberg, 121 U. S. 454, 7 Sup. Ct. 960; May v. County of Logan, 30 Fed. 253.]

On demurrer to the petition. The plaintiff is the Weed Sewing Machine Company, which the petition alleges to be created by the laws of the state of Connecticut and a citizen thereof. The petition states that the defendants are citizens of Missouri and residents in the Western district thereof.

The petition counts upon a bond executed by the defendants, as follows:

"Know all men by these presents, that we, S. Taylor Wicks, John S. Tyler, and John W. Lisenly, of Springfield, county of Greene, and state of Missouri, are held and firmly bound to F. S. Bartram, of the city of St. Louis, and state of Missouri, agent for the Weed Sewing Machine Company, of Hartford, Conn., in the penal sum of one thousand five hundred dollars, to be paid the said F. S. Bartram, agent, or his attorney, executor, administrator or assignee. For which said payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, and every one of them, by these presents. Sealed with our seals, and dated this 1st day of July, A. D. 1871. The condition of the above obligation is such, that whereas, S. Taylor Wicks, and John S. Tyler, of Springfield, Mo., as aforesaid, intend to carry on the trade or business of dealing in the sewing machines manufactured by the Weed Sewing Machine Company, of Hartford, Conn., at said Springfield, for which said sewing machines the said F. S. Bartram is general agent, and whereas, the said Wicks and Tyler have applied to the said F. S. Bartram, agent, to supply them with goods in the way of their trade, which he, as agent of said company, has agreed to do upon condition that the said Wicks and Tyler enter into a bond in the penalty above mentioned, upon the terms hereinafter expressed. Now if the said Wicks and Tyler, their heirs, exec-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

utors or administrators, shall, from time to time, and at all times hereafter, pay or cause to be paid unto the said F. S. Bartram, agent of said company, his executors, administrators or assigns, all and every such sum or sums of money as shall at any time or times hereafter become due and owing to the said F. S. Bartram, agent as aforesaid, for goods sold or furnished by him to the said Wicks and Tyler, or sent or delivered on their order, at the time said sum or sums respectively become due and payable; or if the said Wicks and Tyler, their executors or administrators, shall at any time or times hereafter make default in the payment of such sum or sums when due and payable, but shall well and truly pay the same within thirty days from the day a written notice of said default and failure to make payment, as aforesaid shall be deposited in the post office at St. Louis, by said F. S. Bartram, agent, addressed to the said Wicks, Tyler, or Lisenly, at Springfield, Mo., aforesaid, or within thirty days from the time personal notice of said default and failure to make payment is given said Wicks, Tyler, or Lisenly by said F. S. Bartram, agent, then, in any of said cases, the above written bond and obligation shall be void and of no effect; otherwise shall remain in full force and virtue.

"In testimony whereof, we have hereto affixed our hands and seals this first day of July, A. D. 1871.   (Signed)

"S. T. Wicks, John S. Tyler, and John W. Lisenly."

The petition alleges that the plaintiffs, at the request of the defendant, supplied the latter, under the said contract or bond, with machines at the prices stated in an account thereof annexed to the petition, and that the defendants, though requested, have failed to pay the amount due the plaintiffs therefor.

It is also alleged that the plaintiffs are the sole and real parties in interest in the bond declared on, and that the plaintiffs' agent the said Bartram, never had any interest therein.

The Code of Missouri contains this provision: "Every action shall be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust * * * may sue in his name without joining with him the person for whose benefit the suit is prosecuted; and a trustee of an express trust includes a person with whom, or in whose name, a contract is made for the benefit of an other." Wag. St. p. 999, §§ 2, 3.

The demurrer to the petition rests upon the following grounds:

1st. The action upon this bond can only be brought in the name of F. S. Bartram, the obligee therein named.

2d. If it can be brought in the name of the plaintiff (the Weed Sewing Machine Company) the petition, in order to give this court jurisdiction, should show that Bartram was a citizen of some other state than Missouri and so could himself have maintained an action thereon.

Ewing & Smith and Bray & Kenton, for plaintiff.

Edwards & Son, for defendants.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. I am inclined to the view that Bartram and not the corporate plaintiff, his principal, is the obligee in the bond, and for the purposes of this demurrer will concede such to be the case. The result of this concession is that by the principles of the common law, an action for the breach of the condition of the bond, which is under seal, could be brought only in the name of Bartram, although his principal might alone be interested in the recovery.

It must also be conceded that under the federal constitution and legislation, the distinction between law and equity, and the corresponding remedies, is established, and remains in full force unaffected by the practice act of June 1, 1872. Robinson v. Campbell, 3 Wheat. [16 U. S.] 212; Bennett v. Butterworth, 11 How. [52 U. S.] 674; Thompson v. Railroad Cos., 6 Wall. [73 U. S.] 134. Indeed that enactment not only recognizes, but proceeds upon this distinction.

It is also undoubtedly true, that under the provisions of the Missouri Code in respect to parties quoted in the statement of the case, an action like the present might be brought in the proper court by Bartram in his own name although his principal would alone be interested in the recovery. But it is equally true (under the averment made in the petition to the effect that the sewing machine company is the sole and real party in interest and supplied the consideration for the debt sought to be enforced) that under the provision of the Missouri Code, the action, if brought in the state court, might be maintained by the sewing machine company in its own name. Wag. St. p. 999, §§ 2, 3, and notes of cases.

The present action being one at law, the mode of pleading and procedure prescribed by the state statute is applicable to it, and the suit is well brought, under the averments of the petition, in the name of the plaintiff as the real party in interest. This principle was distinctly decided by the supreme court prior to the act of 1872, in respect to cases removed from the state to the federal court. Thompson v. Railroad Cos., 6 Wall. [73 U. S.] 134. In the case cited, Mr. Justice Davis remarks: "The law of Ohio directs that all suits be brought in the name of the real party in interest. This constitutes a title to sue, when the suit is brought in the state court in conformity with it." Since the act of 1872, at all events in a purely legal action, the real party in interest has a right to sue in federal courts, if the case is one which is otherwise within the jurisdiction of those courts, and there is no special statute of congress, making a different provision.

If this view is correct, then this suit is well brought in the name of the plaintiffs, and this

is decisive of the question made by the defend-ants, for it is well settled that it is the citizenship of the parties to the record that governs in determining the jurisdiction of the circuit court, not of persons interested in the controversy, but who are not parties. Irvine v. Lowry, 14 Pet. [39 U. S.] 293; Bonafee v. Williams, 3 How. [44 U. S.] 574; Osborn v. Bank of United States, 9 Wheat. [22 U. S.] 856; Davis v. Gray, 16 Wall. [83 U. S.] 203, 220; Coal Co. v. Blatchford, 11 Wall. [78 U. S.] 172.

As the petition shows that the plaintiffs alone furnished the consideration for the debt or claim sought to be enforced, and that the agent, Bartram, had no interest therein, if the promise of the defendants, though made in form to Bartram, had not been contained in an instrument under seal, there is a line of strong adjudications which hold that plaintiffs might sue to enforce the promise without the aid of any statute. It is, however, unnecessary to consider the case in this view, as the state statute gives the plaintiffs the right, and the act of congress of June 1, 1872, makes the right equally available to them in the federal court.

They are not the assignees of Bartram, and hence it is not necessary that the petition should show that Bartram's citizenship is such that he could have maintained the action if no assignment had been made.

Judgment accordingly.

As to real parties in interest, see Insurance Co. v. Railroad Co. [Case No. 96]. See, also, Opdyke v. Pacific Railroad [Id. 10,546].