JOHN H. LEHR, Respondent, *v.* THE STEINWAY AND HUNTERS POINT RAILROAD COMPANY, Appellant.

The exposure of a passenger to danger, which the exercise of a reasonable foresight would have anticipated and due care avoided, is negligence on the part of a carrier.

It may not be held, as matter of law, that the exercise of a reasonable foresight will not lead a street railway company to anticipate that overcrowding of its cars and their platforms will render accidents to passengers probable; but the question whether it is chargeable with negligence in permitting such overcrowding, is one of fact.

So, also, it may not be held, as matter of law, that a passenger surrendering his seat when the car is crowded to one less able to stand than himself, contributes to an injury caused by the company's negligence.

Plaintiff with his wife took passage on one of defendant's cars; as more people were waiting to take the car than it could carry, plaintiff pressed forward to procure a seat for his wife, who by reason of an injury was unable to stand, and when she entered gave the seat to her; he passed out to the rear platform, and this being crowded, stepped from the car and went to the front platform, where there appeared to be more standing room; he found it crowded, however, and so took a position on the steps holding on to the rail on either side. After riding thus a short distance, a movement of the passengers on the platform caused him to lose his hold; he fell under the car and was injured. In an action to recover damages, it was not shown or claimed that any person, wilfully or intentionally, crowded plaintiff from his position. *Held,* that the question of defendant's negligence and contributory negligence on the part of plaintiff, were properly submitted to the jury.

*Putnam* v. *B. & S. A. R. R. Co.* (55 N. Y. 108), distinguished.

(Argued January 27, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 11, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion to set aside a verdict and for a new trial.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

The material facts are stated in the opinion.

*George W. Wingate* for appellant.      There was no negligence proved on the part of the defendant company. (Penal Code, § 426; *Putnam* v. *B. & S. A. Co.*, 55 N. Y. 108; *P. F. W. & C. R. R. Co.*, 42 Hun, 104; *Lyle* v. *W. R. R. Co.*, 6 N. Y. Supp. 325; *Felton* v. *C. R. R. Co.*, 34 Alb. L. Jur. 453; *Clark* v. *E. A. R. R. Co.*, 36 N. Y. 135; *Bowen* v. *N. Y. C. R. R. Co.*, 18 id. 408; *McPadden* v. *N. Y. C. R. R. Co.*, 44 id. 478.) The plaintiff was guilty of contributory negligence. (*Halpin* v. *T. A. R. R. Co.*, 8 J. & S. 183; *Deyo* v. *N. Y. C. R. R. Co.*, 34 N. Y. 9; *Boitton* v. *H. R. R. R. Co.*, 18 id. 248; *Wilds* v. *H. R. R. R. Co.*, 24 id. 430; *Grippin* v. *N. Y. C. & H. R. R. R. Co.*, 40 id. 51; *Dun* v. *S. & R. R. R. Co.*, 78 Va. 663; *Searle* v. *M. E. R. R. Co.*, 101 N. Y. 661; *Banks* v. *N. Y. & H. R. R. Co.*, 59 id. 357; *Hayes* v. *Forty-second St. R. R. Co.*, 97 id. 259; *Coleman* v. *S. A. R. R. Co.*, 114 id. 609, 612, 613; *Webster* v. *R. W. & O. R. R. Co.*, 115 id. 112, 115; *Tregaer* v. *D. D. R. R. Co.*, 14 Abb. Pr. [N. S.] 49; *Phillips* v. *R. & S. R. R. Co.*, 49 N. Y. 180; *Clark* v. *E. A. R. R. Co.*, 36 id. 135; *Ward* v. *C. P. R. R. Co.*, 11 Abb. Pr. [N. S.] 411; *Solomon* v. *C. P. R. R. Co.*, 1 Sweeny, 295; *Solomon* v. *M. R. R. Co.*, 13 Abb. [N. S.] 200; 35 Alb. L. J. 95; *Hunter* v. *C. & S. V. R. R. Co.*, 112 N. Y. 371; *Hickey* v. *B. & L. R. R. Co.*, 14 Allen, 429; *Todd* v *O. C. R. R. Co.*, 7 id. 207; *P. & R. I. R. R. Co.* v. *Lane*, 5 Wkly. Dig. 404; *C. R. R. Co.* v. *Rutherford*, 29 Ind. 85; *Holbrook* v. *U. & S. R. R. Co.*, 12 N. Y. 236; *P. & C. R. R. Co.* v. *McClurg*, 56 Penn. St. 294; *C. R. Co.* v. *Peacock*, 69 Md. 264; *Weiler* v. *M. R. Co.*, 53 Hun, 374; *Remer* v. *L. I. R.*

R. Co., 48 id. 352; Larmore v. C. P. I. Co., 101 N. Y. 391; Nicholson v. E. R. Co., 41 id. 533; Miller v. Woodward, 104 id. 471, 477; Splittorff v. State, 108 id. 214, 216.) The court should have granted the motion to dismiss the complaint made when the plaintiff rested, and the motion to direct a verdict for the defendant made at the close of the trial. (Dwight v. G. L. Ins. Co., 103 N. Y. 343; People v. Cook, 8 id. 67; Baulec v. N. Y. & H. R. R. Co., 59 id. 366; I. Co. v. Munson, 14 Wall. 442; Putnam v. B. & S. A. R. R. Co., 55 N. Y. 108; Black v. B. C. R. R. Co., 108 id. 640; Laws of 1850, chap. 140, § 46; Nolan v. B. C. & N. R. R. Co., 87 N. Y. 63; Clark v. E. A. R. R. Co., 36 id. 135; Sheridan v. B. & N. R. R. Co., Id. 39; Willis v. L. & B. R. R., 129 Mass. 351; Hebbard v. N. Y. & E. R. R., 15 N. Y. 455 · Townsend v. N. Y. & H. R. R. R. Co., 56 id. 300.)

Louis S. Phillips for respondent. This court cannot review the facts on this appeal. (Hazman v. H. L., etc., Co., 50 N. Y. 53; Maher v. C. P., etc., R. Co., 67 id. 52, 55; Boos v. Ins. Co., 64 id. 236; T. A. R. R. Co. v. Ebling, 100 id. 98, 101; Coakley v. Mahar, 36 Hun, 157, 159; Code Civ. Pro. § 767; Hinman v. Stilwell, 34 Hun, 178; Sheridan v. B. C. R. R. Co., 36 N. Y. 39; Baylies' Tr. Pr. 229.) Plaintiff did not contribute to the injury by riding upon the front platform. (Stackus v. N. Y. C. & H. R. R. R. Co., 79 N. Y. 464; Kain v. Smith, 89 id. 375; Ochsenbein v. Shapley, 85 id. 214, 224; G. P. R. Co. v. Walling, 97 Penn. St. 55; Musel v. L. & B. R. R. Co., 8 Allen, 234; McGuire v. M. R. R. Co., 115 Mass. 239; Burns v. B. R. Co., 50 Mo. 139; W. C. & P. R. R. Co. v. McElwee, 17 P. F. Smith, 311; Clark v. E. A. R. R. Co., 36 N. Y. 135; Spooner v. B. C. R. R. Co., 54 id. 230; Nolan v. B. C. & N. R. R. Co., 87 id. 63; Dixon v. B. C. & N. R. R. Co., 100 id. 178; Werle v. L. I. R. R. Co., 98 id. 650; Ginna v. S. A. R. R. Co., 67 id. 596; 8 Hun, 494; Willis v. L. I. R. R. Co., 34 id. 670, 677; Colgrove v. N. H., etc., R. R. Co., 20 N. Y. 492; Merwin v. Manhattan Ry. Co., 48 Hun, 608; Coleman v. S. A.

*R. R. Co.*, 114 N. Y. 609.) There was ample evidence from which the jury could infer that the defendant was guilty of negligence causing the injury to plaintiff. ( *Wolfkiel* v. *S. A. R. R. Co.*, 38 N. Y. 49; *Payne* v. *T. & B. R. R. Co.*, 83 id. 572; *Nolan* v. *B. C. R. R. Co.*, 87 id. 63, 67; *Cooley* on Torts, 645; *Putnam* v. *R. R. Co.*, 55 N. Y. 108; *Treat* v. *R. R. Co.*, 131 Mass. 371; *Schneider* v. *B. C. R. R. Co.*, 1 Am. L. R. 121; *Sheridan* v. *B. C. R. R. Co.*, 36 N. Y. 39.) Defendant is not excusable, because the negligence of third persons contributed concurrently with the defendant's negligence to plaintiff's injuries. ( *Webster* v. *H. R. R. R. Co.*, 38 N. Y. 260; *Clark* v. *E. A. R. R. Co.*, 36 id. 135, 138; *Sheridan* v. *B.*, etc., *R. R. Co.*, Id. 49; *Spooner* v. *B.*, etc., *R. R. Co.*, 54 id. 230; *Simmons* v. *N. B.*, etc., *R. R. Co.*, 97 Mass. 361; *Merwin* v. *M. R. Co.*, 48 Hun, 608.) Defendant cannot escape liability for plaintiff's injuries, by reason of the notice placed in its car pursuant to laws of 1850, chapter 140, section 46. ( *Willis* v. *L. I. R. R. Co.*, 34 N. Y. 670, 681, 682; *Nolan* v. *R. R. Co.*, 87 id. 63; *Hayes* v. *B. & D. M. Co.*, 41 Hun, 407; *Hayes* v. *R. R. Co.*, 97 N. Y. 259.) The question whether plaintiff erred in his judgment, or could in any way have avoided the accident by any greater degree of care than he exercised, was one for the jury to determine. ( *Rembe* v. *R. R. Co.*, 102 N. Y. 721, 723.) The appellant cannot complain of the charge to the jury. ( *Bowen* v. *N. Y. C. R. R. Co.*, 18 N. Y. 408, 410; *Clark* v. *E. A. R. R. Co.*, 36 id. 135, 137; *Coddington* v. *R. R. Co.*, 102 id. 66; *Eppendorf* v. *R. R. Co.*, 69 id. 195; *Dixon* v. *R. R. Co.*, 100 id. 171.)

FOLLETT, Ch. J. In 1886 the defendant owned and operated with horses a street railroad, extending from the ferry at Hunter's Point, eastwardly through Long Island City. Between three and four o'clock in the afternoon of Sunday, July 18, 1886, the plaintiff, accompanied by his wife and by a girl about seven years old, and her father, stood waiting at the ferry (the western end of defendant's line) to take a car for Bowery Bay Beach, a pleasure resort on the line of the road. More per-

sons were waiting for a car than could be carried. A car approached from the east, and as soon as its passengers were discharged the plaintiff pressed forward and secured a seat for the purpose of giving it to his wife, who, by reason of an injury, was unable to stand and sustain herself by grasping a rod or strap. When his wife entered the car he gave his seat to her, and she took and carried the girl on her lap until the plaintiff was injured. The plaintiff remained standing by his wife until their fares were collected. His friend, the father of the girl, found standing-room on the front platform, where he rode until after the accident. After the plaintiff had paid the fares, he made his way to the right side of the rear platform, where he rode for awhile, and afterward stood on one of the steps, steadying himself by holding onto the hand rail. This platform and the steps being crowded with passengers, and the plaintiff seeing that there was more standing-room on the front platform, stepped from the moving car and walked rapidly by the right side of it to the front platform, for the purpose of securing a better place to stand. This platform was so crowded that the plaintiff was unable to fully accomplish his purpose, but he boarded the car in safety, and stood with his left foot on the step and his right foot on the platform, and clung with his right hand to the rail of the dasher, and with his left hand to the hand-rail at the end of the body of the car. After riding in this position for a short distance, a movement of the passengers on the platform broke the hold of his right hand, which he was unable to regain, and thereupon he was forced by the pressure of the crowd from the steps, and fell underneath the car, the wheels of which passed over and crushed his left leg, rendering amputation at the knee necessary. Before the plaintiff left the rear platform he asked the conductor to stop the car so that he might go to the front platform, but, receiving no reply, he, the conductor and one Norton stepped from the rear platform at about the same time, and walked by the side of the car for the purpose of reaching the front platform. His action and disclosed purpose were not objected to by the conductor or driver.

After the plaintiff lost the support of his right hand, and before he fell, he called to the driver to stop the car, but he did not until the car had passed over him. There is some evidence that the front platform was so crowded that the driver could not readily and effectually operate the brake. These are the essential facts upon which the plaintiff bases his right to recover, and this court must regard them as established by the verdict.

The defendant moved for a non-suit on the grounds that the plaintiff had failed to establish that defendant negligently caused the accident, and that he had not affirmatively shown that he did not negligently contribute to the accident. The motion was denied and the defendant excepted. The court ruled that there was no evidence that the road or car was defective, or that the defendant negligently employed an unskillful or incompetent conductor or driver; but instructed the jury that if they found that the defendant negligently permitted the car to be overloaded, and that the overloading caused the accident, the plaintiff could recover unless the accident was caused in part by some negligent act of his which was a contributing cause of the accident. The exposure of a passenger to a danger which the exercise of reasonable foresight would have anticipated and due care avoided, is negligence on a part of a carrier. It clearly appears that the defendant undertook to carry more passengers than could sit and stand within the car, and that both platforms and their steps were filled to their utmost capacity. The action of persons so crowded together, and the great force which they exercise, sometimes almost unconsciously on each other, is understood by carriers of passengers and their employees, and the court would not have been justified in non-suiting the plaintiff and holding, as a matter of law, that the exercise of reasonable foresight would not have led the defendant to anticipate that overcrowding this car and its platforms might render accidents like the one which befel the plaintiff probable. Whether the defendant was negligent in carrying so many passengers was a question of fact for the jury.

The court properly refused to instruct the jury that the plaintiff was negligent in surrendering his seat to his wife and seeking a place on the platform.   It cannot be held, as a matter of law, that a passenger surrendering his seat to one less able to stand than himself, contributes to an injury caused by the carrier's negligence, but which would not have been received had he remained in his seat.

The evidence in respect to the speed of the car, and the circumstances under which the plaintiff attempted to enter on the front platform, would not have justified the court in ruling, as a matter of law, that the plaintiff contributed to his own injury by making the attempt, but properly.left it, as a question of fact, for the jury.

Whether the plaintiff was crowded from his position by persons entering on the opposite side of the front platform for the purpose of being carried, or by some movement of those whose fares had been collected, does not very clearly appear. It is not asserted that any person willfully or intentionally crowded the plaintiff from his position, and *Putnam* v. *Broadway and Seventh Avenue Railroad Company* (55 N. Y. 108), and kindred cases, are not in point.   The. defendant made no attempt to show that persons entered on the car against the wish or protest of the conductor or driver, or that the rules of the defendant required that the car should not be overloaded, or that the conductor or driver made any attempt to prevent the car from being unduly crowded.

Whether the defendant negligently caused the injury to the plaintiff, and whether he negligently contributed to his own injury were, under the evidence, questions of fact for the jury; and finding no error in the submission of the case, the judgment should be affirmed, with costs.

All concur, except Brown J., not sitting.

Judgment affirmed.