KANSAS CITY TERRA-COTTA LUMBER COMPANY V. M. T. MURPHY ET AL.

FILED NOVEMBER 18, 1896. No. 6822.

Principal and Surety: FORGERY. Where the name of one of two sureties in a bond has been forged, the other co-surety is not released, though he signed in the belief that the forged signature was genuine, if the forgery was unknown to the obligee when the instrument was delivered and accepted.

ERROR from the district court of Gage county. Tried below before BUSH, J.

*Hugh J. Dobbs,* for plaintiff in error.

*Byron G. Burbank, L. M. Pemberton,* and *F. M. Davis, contra.*

NORVAL, J.

This was an action on the same bond declared on in *King v. Murphy,* 49 Neb., 670. Plaintiff had judgment in the lower court for the amount of its claim against all the defendants except Ellis and Drexel, as to whom the action was dismissed. The issues and facts in the two

cases are alike, with the exception that in this case Ellis, in his answer, sets up that he signed the bond upon the condition that his co-defendant Drexel should also sign the same before delivery; that at the time he executed said bond he was informed by Murphy, the principal thereon, that Drexel's name appended thereto was genuine; that, relying thereon, he was induced to sign the same; and that since the commencement of this action he has discovered, and alleges the fact to be, that the defendant Drexel never signed said bond, nor authorized any one else to do so for him. The fact that Ellis was induced to sign the bond under the belief that the signature of Drexel attached to the instrument as a co-surety was genuine, when in fact it was forged, is insufficient to constitute a defense, especially as it is not alleged that the obligee was aware of the forgery at the time the bond was accepted. (*Lombard v. Mayberry*, 24 Neb., 674, and authorities there cited.) The court erred in releasing Ellis, and the judgment in favor of Drexel is affirmed and that in favor of Ellis is reversed and the cause remanded.

JUDGMENT ACCORDINGLY.