ADAMS, District Judge.
This is a motion by defendants to dismiss the case for want of jurisdiction. The action is upon a bond given by the defendants on the institution of a suit by attachment in the state courts of Missouri against the relator. By the provisions of the statutes of Missouri the attachment bond is payable to the state of Missouri, and may be sued on at the instance of any party injured, in the name of the state, to his use. The defendant in such suit may avail himself of any set-off or counterclaim he may have against the party to whose use the suit is brought, with the same effect as if such party were the plaintiff; and, if such set-off or counterclaim exceeds in amount the damages proved in behalf of the relator, judgment is rendered against the relator in favor of the defendant setting up the set-off or counterclaim for the amount of the excess and all proper costs. Rev. St. Mo. 1889, §§ 527, 531, 532. The relator, or the person to whose use such action is brought, may be required to give security for the costs of the suit. Rev. St. Mo. 1889, § 2915.
From the foregoing it is clear that in such suit the state is at best only a nominal party, without any interest. It does not institute or control the litigation by any of its law officers. On the contrary, the party in interest to whose use the suit is brought has a legal right to make use of the name of the state, not for the benefit or at the peril of the state, but as a matter of personal right, and for his own purposes exclusively. The real controversy in this case is, therefore, between the relator, a citizen of Illinois, and the defendants, citizens of Missouri, and as there is no controversy between the state of Missouri and the defendants, the formal use of the name of the state of Missouri as a supposed necessary party cannot oust this court of jurisdiction. Maryland v. Baldwin, 112 U. S. 490, 5 Sup. Ct. 278; Browne v. Strode, 5 Cranch, 303; McNutt v. Bland, 2 How. 9.
Attention is called to the feature of the Missouri statute which provides for a judgment for the penalty of the bond, and execution for the assessed damages only, in favor of the relator, and to that further provision of the statutes relating to scire facias on such judgment for further execution in favor of other persons damaged *162 within the purview of the attachment bond; and these features of the Missouri statute are claimed to present a case different from the cases supra. It is said that the state statutes involved in the Maryland Case, supra, made provision for any number of independent consecutive suits on the bond, at the instance of any person or persons injured, and that the proceeding by scire facias is not there recognized. It is further claimed that, as only one judgment can be rendered for the penalty of the bond in Missouri, and as the only recourse for subsequent breaches is by way of scire facias on that judgment, persons damaged by subsequent breaches, who may not happen to be citizens of states other than that of the defendants, can have no remedy. Without expressing any opinion concerning the claims so made, I am satisfied that the results, whatever they may be in the exceptional case suggested, cannot countervail the clear provisions of the constitution and acts of congress as interpreted by the supreme court. The motion to dismiss must be overruled.