## SMITH v. PACKARD.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1900.)

No. 576.

1. ATTACHMENT—FORTHCOMING BOND—ILLINOIS STATUTE.
   Under the attachment law of Illinois, the fact that a forthcoming bond is taken after the return day of the writ, or that it is not returned into court by the sheriff on the first day of the term at which the writ is returnable, as directed by the statute, does not affect its character as a statutory bond.

2. FEDERAL COURTS—JURISDICTION—SUIT ON FORTHCOMING BOND.
   The Illinois statute giving a plaintiff in attachment the right to bring an action on a forthcoming bond taken by the sheriff, "the same as if such bond had been assigned to him," does not render him, in fact or constructively, an assignee, within the meaning of the federal judiciary act, so as to preclude a circuit court of the United States from taking cognizance of such action, where the plaintiff is a citizen of another state, although the sheriff could not have sued therein.

3. ATTACHMENT—FORTHCOMING BOND—VALIDITY.
   The validity of a forthcoming bond is not affected by an indorsement by the sheriff on the writ of attachment reciting that on the giving of such bond he "released the levy," the purpose and effect of the bond itself being to continue his legal custody of the property.

4. SAME—ACTION ON BOND—PROOF OF EXECUTION.
   In an action on a forthcoming bond given in attachment proceedings, which under the statute is joint and several, where all of the obligors were joined as defendants, but a dismissal was entered before trial as to all but one, the case stands as though originally brought against such defendant alone, and proof of the execution of the bond by the other obligors is not required.

5. SAME—ESTOPPEL TO DENY EXECUTION OF BOND.
   Where, in an action by attachment against a partnership, one of the defendants signs his partner's name to a forthcoming bond, the latter cannot, after having voluntarily received its benefits, deny that his signature to the bond was authorized.

6. SAME—EVIDENCE—DIMINISHED VALUE OF PROPERTY.

In an action on a forthcoming bond given in attachment proceedings, it was not available error to exclude evidence on behalf of the defendants to show the diminished value of the property since the giving of the bond; no offer being made to show that the depreciation was not caused by any act or negligence of the principals in the bond, who had its custody.

7. SAME—RECITALS AS TO VALUE IN BOND.

A recital in a forthcoming bond that the value of the property "does not exceed" a sum named, while conclusive against the assertion of a larger value, establishes no particular value.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This action is upon a forthcoming bond in attachment executed on July 21, 1892, to the sheriff of Cook county, Ill. The action in attachment was begun on July 16, 1892, in the circuit court of Cook county, by the defendant in error, Andrew J. Packard, against Frank A. White and Charles F. Ballard, as co-partners. The writ of attachment, issued on the 16th and made returnable on the 18th of the month, was levied on the day of its date upon four car loads of machinery and other articles constituting a plant for the manufacture of shoes, property of the partnership, at West Pullman, Ill., whither it had just been transported from Washington C. H., Ohio. On the same day a return, showing the levy upon the property, which was particularly described, was indorsed upon the writ and signed by the sheriff. The forthcoming bond, to which the names of both partners had been signed by White, and which the plaintiff in error and William R. Kerr had signed as sureties, was dated and was delivered to the sheriff on July 21, 1892; and thereupon the sheriff took of the attachment defendants a receipt, indorsed on the writ, for the attached property, and, under the receipt, indorsed on the writ the following further memorandum or return: "The parties in whose possession I found the above property giving security as per bond hereto annexed, I have released said levy this 21st day of July, 1892. I have also served the within-named West Pullman Land Association, as garnishee, by delivering a copy thereof to William R. Kerr, secretary of said association, this 16th day of July, 1892; the president of said association not found in my county. The defendants in the within writ not found in my county." This was signed in the name of the sheriff by a deputy. The writ was held by the sheriff until January 5, 1893, when he filed it with the clerk of the court, indorsed as stated. Process was not served on either defendant in the attachment, but an appearance by attorney was entered for both, and joint pleas filed in their behalf, on August 25, 1892, and later further joint pleas were filed; but on December 9, 1895, on motion of Ballard, the court found that the appearance entered for him was unauthorized, and ordered that it be set aside and held for naught. Thereupon, without further showing or affidavit than that originally filed, notice to Ballard was published; and on January 25, 1896, upon a recital of "due proof of publication of notice," he was called and defaulted. Final judgment was entered on the ensuing May 21st, the preliminary recital in the entry being: "This cause being called for trial, come the parties to this suit, by their attorneys, respectively. Thereupon, on the agreement of the said parties here made in open court, this cause is submitted to the court for trial without a jury." And, according to the entry, the court proceeded to hear the evidence, found the issues for the plaintiff, assessed his damages at $3,625, and, after overruling a motion of White for a new trial, entered personal judgment against both defendants for the amount of the finding. On July 20th following, a special execution was issued against the property described in the writ of attachment; and two days later the sheriff made return to the effect that, White and Ballard not being found, he demanded, but failed to obtain, of Smith and the other surety on the bond, the attached property, and, finding no property on which to levy, he made return accordingly. Thereupon Packard brought this action in the court below against White and Ballard, the principals, and William R. Kerr and Jacob P. Smith, the sureties, on the forthcoming bond, but later dismissed out of the

case all of the defendants but Smith, and against him obtained judgment for $15,000, to be satisfied upon payment of $4,128.25.

The following provisions of the attachment law of Illinois in force when the suit was brought are cited in the briefs:

"Possession—Forthcoming Bond. Sec. 14. The officer serving the writ shall take and retain the custody and possession of the property attached, to answer and abide by the judgment of the court, unless the person in whose possession the same is found shall enter into bond and security to the officer, to be approved by him, in double the value of the property so attached, with condition that the said estate shall be forthcoming to answer the judgment of the court in said suit. The sheriff, or other officer, shall return such bond to the court in which the suit is brought on the first day of the term to which such attachment is returnable."

"16. Neglect of Officer to Take Bond—Proceedings. Sec. 16. If the sheriff should fail to return a bond taken by virtue of the provisions of this act, or shall have neglected to take one when he ought to have done so, in any attachment issued under any provisions of this act, the plaintiff in the attachment may cause a rule to be entered at any time during the first ten days of the term to which it is returnable, requiring the said sheriff to return the said bond; in case no bond has been taken, to show cause why such bond was not taken. If the said sheriff shall not return the said bond within one day thereafter, or show legal or sufficient cause why the said bond had not been taken, judgment shall be entered up against him for the amount of the plaintiff's demand, with costs of suit. Execution may thereupon issue for the same whenever judgment shall have been entered against the defendant in the attachment."

"17. Insufficient Bond—Proceedings. Sec. 17. The plaintiff may, at the first term after the return of such bond, except to the sufficiency thereof, reasonable notice of such exception having been given to the sheriff or other officer who took the same, and if, upon hearing, the court shall adjudge such security insufficient, such sheriff shall be subject to the same judgment and recovery and have the same liberty of defense as if he had been made defendant in the attachment, unless good and sufficient security shall be given within such time as may be directed by the court, and execution may issue thereupon as in other cases of judgment. And whenever the judgment of the plaintiff, or any part thereof, shall be paid or satisfied by any such sheriff, he shall have the same remedy against the defendant for the amount so paid by him as is now provided by law for bail against their principal, where a judgment is paid or satisfied by them."

"18. Suit on Bond. Sec. 18. If the plaintiff shall not except to the bond taken by the sheriff, as aforesaid, or the exceptions are not sustained, and such bond shall be forfeited, the plaintiff in the attachment may bring suit thereon in his own name, the same as if such bond had been assigned to him, and judgment shall be given for the plaintiff against the obligors in the bond for the value of the property, or if the property is greater than the amount due upon the execution, then for the amount due and costs of suit."

George A. Sanders, for plaintiff in error.

Samuel Wheeler, for defendant in error.

Before WOODS, Circuit Judge, and BUNN and SEAMAN, District Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The first contention of the plaintiff in error is that the circuit judge did not acquire jurisdiction of the case. The argument consists of three propositions: First, that the bond is valid only as a common-law obligation, and not as a statutory bond, because the sheriff took it after the return day of the writ, released the levy, and failed to file the bond with the clerk until after the term of court at

which it should have been filed; second, that in Illinois the common-law rule prevails, that only the obligee of a sealed instrument can sustain an action thereon, and, this not being a statutory bond, the statute which authorized a suit in the name of the plaintiff in the attachment does not apply; and, third, that if the statutory character of the bond, and Packard's right under the statute to sue thereon in his own name, be conceded, there was nevertheless no jurisdiction, because the right given him by the statute is to sue "the same as if such bond had been assigned to him," and, the sheriff not having had the right to sue in the federal court, the defendant in error, as assignee of the sheriff, could not prosecute the action in that court.

The first section of the statute quoted, it is evident, was intended to authorize a forthcoming bond at any time before final judgment, and perhaps even after that, in case of appeal or stay of execution for any valid reason. The statute is remedial, and should be construed liberally. It must often have happened, as in this case, that the writ was issued but a short while before the first day of the next term of court; and it has never been held, and probably never will be, that the right to give the bond expires with the return day of the writ. The provision that the officer taking the bond shall return it "on the first day of the term" is directory only. State v. Blair, 32 Ind. 313. If mandatory, and taken literally, it does not permit a return on either an earlier or a later day. The next section, however, provides for compelling a return on a later day; and is it to be said that a return so made in obedience to an order of court would be statutory, but if made voluntarily, or under a threat of the plaintiff to invoke the action of the court, it would deprive the bond of its statutory character, and convert it into a common-law obligation? Again, by section 16 of the statutes quoted, the sheriff may be required to show cause why a bond "had not been taken"; and, if he does not show sufficient cause, judgment shall be entered against him. If, in such a case, he should show that a bond had been taken and lost, or that after taking it had been found to be defective in form or substance, or the security insufficient, and should produce a new bond, executed after the return day, and in all respects satisfactory to the court and to the plaintiff in the action, would it be held that such a bond, if accepted, would not be a statutory bond? All we need say (and of that we have no doubt) is that the bond in suit, when given, was a statutory obligation, and that no delay of the sheriff in making a return could give it a different character.

The other proposition, that the plaintiff sues as assignee of the sheriff, and, though a citizen of another state, cannot maintain the action, because the sheriff, being a citizen of the same state as the defendant, could not maintain it, is not sound. The plaintiff derived no right from the sheriff. The bond, from the beginning, was for his benefit, and by the statute, and not by virtue of any assignment, real or constructive, he has a right to sue in his own name; and it does not affect the proposition that the bond, besides being given to the sheriff, was also for the sheriff's benefit, and might be the basis of an action in his name. It is true that the statute says that the plaintiff in the attachment may bring suit on the bond in

his own name, "the same as if such bond had been assigned to him"; but it does not follow that he must, in such an action, be regarded as having only the rights of an assignee,—certainly not in the sense of the federal statute, which says that the circuit and district courts of the United States shall not take cognizance of a suit to "recover the contents of a promissory note or any other chose in action in favor of any assignee, *  *  * unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made." The plaintiff in this case was not in fact an assignee of the sheriff, and there is nothing in the reason or policy of the federal statute which can be deemed to require that he should be brought constructively into that relation. There is no reason to believe that the statute of the state was intended to have that effect. Indeed, the change made in the law in that respect indicates a contrary purpose. The act of 1845 expressly provided that after forfeiture the sheriff might assign the bond to the plaintiff in the attachment, and that after such assignment the plaintiff might "bring a suit in his own name thereupon"; but the present act makes an assignment, as in reason it ought to be, unnecessary, because the condition of the bond is that the property shall be forthcoming to answer the judgment of the court in the suit. That means a judgment in favor of the plaintiff. The bond so conditioned was from the beginning a bond in favor of the plaintiff in the attachment, and under the statute his right to enforce it by suit in his own name is an underived, independent right. The following authorities which have been cited support our conclusion: Browne v. Strode, 5 Cranch, 303, 3 L. Ed. 108; McNutt v. Bland, 2 How. 9, 11 L. Ed. 159; Maryland v. Baldwin, 112 U. S. 490, 5 Sup. Ct. 278, 28 L. Ed. 822; Holmes v. Goldsmith, 147 U. S. 150, 13 Sup. Ct. 288, 37 L. Ed. 118; Ruan v. Gardner, 1 Wash. C. C. 145, Fed. Cas. No. 12,100; Machine Co. v. Wicks, 3 Dill. 261, Fed. Cas. No. 17,348; Missouri v. Bowles Milling Co. (C. C.) 80 Fed. 161; Mineral Co. v. Vaughan (C. C.) 88 Fed. 566. The plaintiff in error has cited Parker v. Ormsby, 141 U. S. 81, 11 Sup. Ct. 912, 35 L. Ed. 654; Sere v. Pitot, 6 Cranch, 332, 3 L. Ed. 240; Bank v. McNair (C. C.) 56 Fed. 323; Plant Inv. Co. v. Jacksonville, T. & K. W. Ry. Co., 152 U. S. 71, 14 Sup. Ct. 483, 38 L. Ed. 358; New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, 38 L. Ed. 764; Bradford v. Jenks, 2 McLean, 130, Fed. Cas. No. 1,769; Simons v. Paper Co. (C. C.) 33 Fed. 193; Coler v. Grainger Co., 43 U. S. App. 252, 20 C. C. A. 267, 74 Fed. 16; Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672.

The proposition, that there was a release of the levy of the attachment, and that thereby the sureties on the bond were released, we deem untenable. The pertinent part of the indorsement upon the writ is this: "The parties in whose possession I found the above property giving security as per bond hereto annexed, I have released said levy," etc. If that be taken literally, and be given effect as a release of the levy, it does not follow that there was a release of what is commonly, but somewhat inaccurately, called the "lien of the attachment." Ex parte Foster, 2 Story, 131, Fed. Cas. No. 4,960;

May v. Lumber Co., 70 Md. 448, 17 Atl. 274. The levy of a writ of attachment consists in the seizure, actual or constructive, of the property attached; and it is essential to the lien created by the attachment of personal property—at least, as against subsequent purchasers or attaching creditors—"that the property should be removed, and held in the custody of the law." 3 Am. & Eng. Enc. Law (2d Ed.) 216, and cases cited. The lien, so called, arises upon the making of the levy (that is, the seizure), and continues so long as the property remains in the custody of the law. For that purpose a forthcoming bond takes the place of the possession of the officer; and in this case, the forthcoming bond having been taken, it is of no significance that the officer wrote upon the writ a release of the levy. The levy had served its purpose of bringing the property into legal custody,—which is the whole essence of the lien,—and the bond operated to continue that custody, as any one reading the entire return was bound to know; and the covenant of the plaintiff in error was that the property should be so held by the attachment defendants, to whose possession the sheriff, by reason of the execution of the bond should redeliver it. Indeed, it has been held that the taking of the bond is equivalent to a seizure (Jayne v. Dillon, 28 Miss. 283; Walker v. Shotwell, 13 Smedes & M. 549; Pugh v. Calloway, 10 Ohio St. 488; Roebuck v. Thornton, 19 Ga. 149), and will preclude the officer, in an action of trespass, from denying the fact of seizure (Portis v. Parker, 8 Tex. 23). We find nothing inconsistent with our view of this question in Sherraden v. Parker, 24 Iowa, 28, or Lumsden v. Leonard, 55 Ga. 374. Had there been a release of a lien, to the benefit of which the surety, after being compelled to pay the bond, might have been subrogated, the question would have been essentially different. If, however, there was in this case a loss of the lien of the attachment, it was not by reason of any indorsement upon the writ, but because of the disposition of the property made by the attachment defendants, for whose conduct in the premises the plaintiff in error, as one of the sureties upon the bond, was responsible.

It results from what has been said on the question of jurisdiction that the forthcoming bond was not improperly admitted in evidence. But on that point it is urged further that, although judgment was sought against the plaintiff in error alone, it was necessary to establish the joint liability of the other obligors on the bond. Reference is made to Cassady v. Trustees, 105 Ill. 560, Morrow v. People, 25 Ill. 292, and Green v. Shaw, 66 Ill. App. 76; and it is insisted that there was a lack of proof of the execution of the bond by Ballard. The doctrine of the cases cited, that a cause of action must be made out against all makers of a joint and several bond who have been jointly sued, though some of them were not served with process, is not applicable here, because, other defendants having been dismissed out of the case, the action became one against the plaintiff in error alone, and no more proof was necessary than if in the first instance he had been named as the sole defendant. As one of the co-partners, White had unquestioned authority to sign the bond in the firm name. Edwards v. Dillon, 147 Ill. 14, 35 N. E. 135; Peine v. Weber, 47 Ill.

**41.** And, if that did not include the power to sign the individual name of Ballard, the latter could not, after voluntarily receiving the benefit of the bond, deny its execution. Holbrook v. Chamberlin, 116 Mass. 155; Grove v. Hodges, 55 Pa. St. 504; Fouch v. Wilson, 59 Ind. 93; Hyatt v. Clark, 118 N. Y. 561, 23 N. E. 891. There was sufficient evidence to go to the jury, under the verified plea which denied the execution of the bond by Ballard, to show from him both parol authority to White to execute the bond, and subsequent ratification when informed of its execution; and, no question in that respect arising on the court's instruction to the jury, the verdict is conclusive of the fact of proper execution. Indeed, the liability of Ballard on the bond seems to be concluded by the judgment of the circuit court of Cook county. While it is true that the appearance for Ballard in the suit in that court was set aside, and the only notice served upon him was by the publication on proof of which he was defaulted, yet neither in his motion to have the appearance for him set aside did he pretend, nor does he appear elsewhere to have asserted, that his signature to the bond was unauthorized; and when, four months after that default, the court proceeded to final judgment, the recital shows a full appearance of the parties to the suit, and an agreement of "said parties" to waive a jury and submit the case to the court for trial, and following that a finding and personal judgment against both defendants,—a judgment which, without the recital of appearance, could not lawfully have been entered, and which with that recital needed no proof of process to make it everywhere and always collaterally unassailable. Though defaulted, Ballard had the right to appear and contest the amount of the recovery.

It is contended, on cases cited, that the plaintiff in error would be liable on the bond if Ballard's name were conceded to have been signed without authority. Veach v. Rice, 131 U. S. 293, 9 Sup. Ct. 730, 33 L. Ed. 163; Stern v. People, 102 Ill. 540; Sullivan v. Williams, 43 S. C. 489, 21 S. E. 642; Luce v. Foster, 42 Neb. 818, 60 N. W. 1027; Lumber Co. v. Murphy, 49 Neb. 674, 68 N. W. 1030; Jacobs v. Curtiss, 67 Conn. 497, 35 Atl. 501; State v. Blair, supra. But we need not enter upon that question.

There was no error in the admission of evidence of the value of the attached goods at the time of the execution of the forthcoming bond. It seems to have been the opinion of the court below that no evidence of diminished value at a later date was competent, but while we do not assent to that view, and are of opinion that evidence of a diminished value for which the attachment defendants were not responsible would have been competent, no offer of such proof was made. The plaintiff in error offered evidence of the value of the property, or of parts of it, at later dates, and claimed to be able to show a value not exceeding $500 or $600, but made no offer to account for the depreciation, or to show that it was not caused by the act or negligence of the principals in the bond, who had the custody. The authorities cited by the plaintiff in error on this point are French v. Snyder, 30 Ill. 339: Slueter v. Wallbaum, 45 Ill. 43; Dehler v. Held, 50 Ill. 491; Roberts v. Dunn, 71 Ill. 46; Summers v. Hibbard, 153 Ill. 102, 38 N. E. 899; Gilbert v. Gallup, 76 Ill. App.

526; Collin v. Mitchell, 3 Fla. 4; Trotter v. White, 26 Miss. 88; Shinn, Attachm., § 301; Wade, Attachm., § 197. Cited by the defendant in error, the following: Drake, Attachm., § 344; Pearce v. Maguire, 17 R. I. 61, 20 Atl. 98; Creswell v. Woodside, 8 Colo. App. 514; 46 Pac..842; Yelton v. Slinkard, 85 Ind. 190; Suppiger v. Gruaz, 137 Ill. 216, 27 N. E. 22. The recital in the bond that the value of the property "does not exceed seven thousand five hundred dollars," while conclusive against the assertion of a larger worth, establishes no particular value. The judgment below is affirmed.