# Harris *et als. v.* Murfree.

*Summary Proceeding against Sheriff and Sureties.*

1. *Execution, failure to make money on ; measure of damages.*—Where a sheriff fails to make money on an execution, which, by the use of due diligence, could have been collected, by a sale of lands of the defendant in execution, the measure of damages, for which the sheriff and his sureties are answerable, is the sum which would have been produced by a sale of the land. To show that the sheriff was wanting in diligence, oral evidence is admissible to prove that the defendant in execution was in possession of the land, but not that he was its reputed owner.

2. *Quere.*—Is a plaintiff entitled to any judgment in a summary proceeding, or to maintain it at all against the sheriff and his sureties, under section 3033 of the Revised Code, unless the evidence shows that the whole amount of the judgment could have been made by use of due diligence ; the only judgment authorized by the statute being for the amount of the execution, interest, and ten per cent. damages.

3. *Charge to jury ; when erroneous.*—A charge to the jury that "the title of the defendant in execution has been sufficiently proved ; that the only question for them to determine is the true value of the land; that its market value, or what it would have brought at execution sale, could not be considered," is a manifest invasion of the province of the jury.

APPEAL from Circuit Court of Hale.

Tried before Hon. GEORGE H. CRAIG.

At the fall term, 1873, of the circuit court of Hale, Murfree recovered a judgment against John and Jabez Nelson.

[Harris et als. v. Murfree.]

Execution was issued and placed in the hands of appellant, as sheriff, on the 21st day of November, 1873. Harris kept the execution in his hands until March, 1874, and then returned it with this endorsement: "Returned no property found in my county, subject to the satisfaction of this execution." On the making of this return, Murfree moved for a judgment against the appellant and his sureties, alleging that the failure to make the money on the execution was caused by lack of due diligence.

Harris answered, denying lack of due diligence, and a trial was had on a plea of not guilty.

Murfree introduced a witness, who testified that the defendants in execution were the reputed owners of an undivided interest in certain lands in Hale county during the time the execution was in the hands of the sheriff, but that he did not know what the lands would have brought in the fall of 1873. It was admitted that the only property which the defendants had, liable to pay the execution, was their undivided interest as heirs at law, in the estate of a brother, whose estate was being administered on at the time. One of the plaintiffs' attorneys testified that he had informed the sheriff, before the return of the execution, of the interest of the defendants in the estate of their brother, and advised him to levy on the same.

Harris testified that he made diligent enquiries, and became convinced that a levy and offer of sale would only increase costs, and for that reason he had returned the execution. The court then charged the jury that "the defendants' title to the property was sufficiently proved, and that the only question left for them to determine was the true value of the property. You cannot consider its market value, or what it would have brought at execution sale."

The jury found that defendant's interest in the lands was worth one thousand dollars, and the court thereupon rendered judgment for that amount in favor of Murfree, against Harris and his sureties, hence the appeal.

GARRETT & WALKER, for appellants.

WALKER, PITTMAN & WALKER, contra.

BRICKELL, C. J.—This was a summary proceeding against the appellants, a sheriff and his sureties, under section 3033 of the Revised Code, to recover judgment for the default of the sheriff in not making the money on an execution, which could have been made by due diligence. An

[Harris et als. v. Murfree.]

issue was formed between the parties, which was submitted to a jury for trial, the issue being a denial of the truth of the allegations of the motion. The official capacity of the principal, nor the fact of the suretyship of his co-defendants was controverted; nor was the fact that an execution in favor of the plaintiff in the motion, corresponding to that described, came to the hands of the sheriff to be levied and returned. The point of controversy was as to his ability, by due diligence, to have levied it on property subject to it, and sufficient for its satisfaction. The evidence was entirely oral, and related to the ownership by the defendants in execution, of real estate, and its value. The court charged the jury as follows: "The defendants' title to the property has been sufficiently proved, and the only question left for you to determine is as to the true value of the property. You cannot consider its market value, or what it would have brought at execution sale." To this charge an exception was reserved, and it is now assigned as error.

The charge assumes, as fully proved, all that the evidence tended to prove—that the defendants in execution had an interest in lands, the subject of levy and sale, and that the sheriff was fully informed of such interest, or by the use of due diligence could have obtained such information in time to have levied the execution, and made the money. It is a manifest invasion of the province of the jury, and is of consequence erroneous.—*Jones v. Fort*, 36 Ala. 449; *McDougald v. Rutherford*, 30 Ala. 253. It is also an invasion of the province of the jury, in not referring to them the credibility of the testimony, which was entirely oral.—1 Brick. Dig. § 98, 342. The plaintiff was not entitled to a judgment without affirmative proof, satisfactory to the jury, that by due diligence the money could have been made on the execution by the sheriff.—*Adams v. White*, 2 Ala. 37. Whether such proof had been made, and its sufficiency, the jury ought to have determined. The court, by the charge, determines it for them, and limits their finding to the value of the lands. Charges less objectionable than this have been often repudiated by this court, and the duty of a judge in charging a jury not to assume as proved any fact which the evidence only tends to prove, and to leave the jury free to pass on the credibility of the evidence, enforced in strong terms.

The charge is also erroneous in narrowing the inquiry of the jury to the true value of the lands, and instructing them not to consider the market value, or what they would have brought at execution sale. A sheriff, in making a levy, is bound to bear in mind, the fact known to all, that property, real or personal, at forced sales, under legal process, but sel-

dom commands its real value. He must, of consequence, make his levies with a view to this fact, and cannot be charged for an excessive levy because the real value of the property seized may exceed the sum necessary to satisfy the execution, when the extent of its probable sacrifice at forced sale does not render the levy disproportionate. The sacrifice of real estate at forced judicial sales was the cause to which the redemption law owes its origin, the first of which was entitled "An act to prevent the sacrifice of real estate." Pamph. Acts 1841-2, p. 8. The true measure of the liability of a sheriff for a failure to levy on and make sale of lands, under execution, is the sum which would have been produced by the sale. That is the extent of the injury the plaintiff has sustained, and that alone is the test by which it can be determined whether by due diligence the money could have been made on the execution.—*Governor v. Powell*, 9 Ala. 83; *French v. Snyder*, 30 Ill. 339.

In *Johnson v. Cunningham*, 1 Ala. 249, which was a proceeding similar to this, a suggestion against a sheriff, that he could, by the use of due diligence, have made the money on an execution, it is said it is permissible to show by oral evidence that the defendant in execution was in possession of the land, but not that he was its *reputed owner.* It is too plain for argument that the evidence that the defendants in execution were the reputed owners of an interest in the lands, was not admissible. It would have been more appropriate to have objected to its introduction when offered, than silently have permitted it introduced, and then requested charges declaring its insufficiency. It is not necessary to consider the other matters presented by the assignment of errors; they will not probably arise on another trial.

The judgment authorized by the statute, under which the plaintiff is proceeding, is for the amount of the execution, interest, and ten per centum damages. It may be well for the parties to consider whether the proceeding is maintainable, unless the evidence shows the whole amount of the execution could, by due diligence, have been collected, or whether any other judgment than that prescribed can be rendered.

The judgment is reversed and the cause remanded.