### James H. Gilbert v. Nathan Gallup.

1. SHERIFFS—*Reasonable Diligence as to Executions.*—A sheriff having an execution in his hands against the property of a defendant, is only bound to exercise reasonable diligence to discover property wherewith to satisfy the same.

2. SAME—*True Measure of Liability.*—The true measure of a sheriff's liability for negligently failing to levy on property of the defendant in an execution, is the amount which the property would have brought if sold at public sale to the highest and best bidder.

3. WITNESS—*When He Disqualifies Himself.*—A witness who, when called upon to testify upon the question of market values during a certain period, states that it is impossible for him to state what such market values were, disqualifies himself from testifying.

Action on the Case, against a sheriff for alleged negligence in failing to levy an execution. Trial in the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Verdict and judgment for plaintiff. Defendant appeals. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed June 13, 1898.

E. R. BLISS, attorney for appellant.

FRANK BURKE DRAPER, attorney for appellee.

Gilbert v. Gallup.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment for the sum of $1,000 in favor of appellee and against appellant, rendered in an action on the case against the appellant, as sheriff of Cook county, for alleged negligence in failing to levy an execution and alias execution issued on a certain judgment for the sum of $2,750 and costs, in a suit in which appellee was plaintiff, and Eugene Kauffman and M. H. Kauffman, his wife, were defendants.

Appellant, by his counsel, objects that improper evidence was admitted in behalf of the appellee; that there was no proper evidence of damage; that certain of the instructions are erroneous, and that the evidence fails to show a want of due diligence on the part of appellant. Appellee introduced evidence tending to show that during the lifetime of the execution, the defendants had personal property subject to execution, and called witnesses to prove the value of the property.

In the deposition of Eugene Kauffman, read in evidence, the following occurs :

Q. "Now, I will ask you particularly as to the value of those articles. What was that suit of parlor furniture worth in the market in Chicago at that time ? " A. " It would be impossible for me to state what the value of that furniture would have been in the market in Chicago at that time."

Q. " What, in your opinion, was it worth at that time ? "

The last question was objected to on the ground that the witness was not qualified to testify as to value, etc., but the court overruled the objection and appellant excepted, and the witness was allowed to proceed and testify to the value of a long list of articles of personal property, which he had previously stated were owned and possessed by the defendants in the executions in Chicago, during the lifetime of the executions, which testimony, at the close of the examination in chief of the witness, appellant's counsel again objected to and moved to exclude, which motion the court overruled. Appellant's objections were noted in the deposition.

If it was competent to prove value at all, the value to be proved was the value in the market in Chicago, where the property was situated while the execution was in the hands of the sheriff, and when the witness said that it was impossible for him to state what such market value was, he, in our opinion, disqualified himself. We are unable to perceive how the jury could be enlightened as to the market value of the property by the opinion of a witness who not only failed to say that he believed he knew such value, but stated, in substance, that he did not know it. The same witness was permitted, against the objection of appellant's counsel, to testify as to the value of pictures, jewelry and a lot of stuff which he called bric-a-brac, without any evidence whatever tending to show that he was qualified to so testify.

Counsel for appellant further objects that evidence of the market value of the property was not competent, basing this objection on the legal proposition that when the sheriff negligently fails to levy on property of the defendant in an execution, the true measure of his liability is the amount which the property would have brought if sold at public sale to the highest and best bidder. The court so instructed the jury, and such we understand to be the law. Murfree on Sheriffs, Sec. 976; French et al. v. Snyder, 30 Ill. 339; Harris et al. v. Murfree, 54 Ala. 161.

Sutherland, in his work on Damages (Vol. 1, p. 246), says: " In actions for neglect of duty or misconduct of ministerial officers, affecting parties entitled to call on them for services, or for whom such officers are required by law to perform duties, as well as in like actions by employers against agents and attorneys, the general rule is that the injured party is entitled to compensation commensurate with his actual loss."

In French v. Snyder, *supra*, the court say that the right to recover damages is "commensurate only with the injury." In the same case, the court distinguished between fair market value as between a vendor not forced to sell, and a purchaser, and what property will bring at a forced sale, and

says of a sheriff : "He must take into his possession an amount of property sufficient when sold, in all reasonable probability, making a proper allowance for the sacrifice usually incident to forced sales, to bring a sum that will satisfy the execution and costs." The same distinction is recognized in other cases.

While we are not prepared to hold that proof of market value in such cases is incompetent, neither are we prepared to hold that it is sufficient. It might and, as we think, should be followed by evidence tending to show what the property would bring at a forced sale, or how much of its fair cash value in the market would be likely to be sacrificed at such a sale. In the present case, the jury was substantially instructed that if they found for the plaintiff, they should, in assessing the plaintiff's damages, consider what the property would bring if subjected to a forced sale, and there being no evidence of what it would probably bring in such case, the jury were left, in assessing damages, to a mere guess. We can perceive no practical difficulty in procuring witnesses experienced in public sales of personal property, who, on being informed of the kind of property in question and its condition, can testify intelligently as to the probable loss of value if the property were exposed to a forced sale.

The giving of the following instruction is assigned as error:

"You are instructed that by ordinary diligence, as used in these instructions, is meant that degree of care and attention which, under the same circumstances, a man of ordinary prudence and discretion would ordinarily use in reference to the particular matter in question if it were his own affair."

This can only mean that "ordinary diligence," which the law required of the sheriff, is such as a man of ordinary prudence and discretion would exercise, if he were the plaintiff in the execution. A man of ordinary prudence might, and ordinarily does, exercise greater diligence when his own pecuniary interest is at stake, than he would exercise, or be required to exercise, if he were acting as an impartial

and personally disinterested public officer.  A man of ordinary prudence and discretion might, if he were plaintiff in the suit, spend money in endeavoring to ascertain whether the defendant had property; he might employ a detective to dog his steps and pry into his affairs; he might consult the tax lists to ascertain if he had assessable property and how much; none of which things is the sheriff required to do. The sheriff is not required by law to act as if he were plaintiff in the suit.  On the contrary, the statute recognizes that one thus interested might be oppressively zealous, and expressly provides that when the sheriff, or his deputy, is a party to a case, or interested therein, or is of kin, or partial to, or prejudiced against either party, the process shall be directed to the coroner and the latter shall perform the duties of the sheriff in the case.  1 S. & C. Stat. 980, Sec. 10.

A sheriff is only bound to exercise reasonable diligence. Hargrave v. Penrod, Breese, 401; Dunlap v. Berry, 4 Scam. 327; Crosby v. Hungerford, 59 Ia. 712.

The question whether the appellant had exercised reasonable diligence was the vital question in the case; the evidence was conflicting on that question, and the jury should have been accurately instructed. The giving of the sixth instruction is reversible error.  Appellant's counsel also complains of the giving of the first, eleventh and twelfth instructions. It is not proper practice to leave to be passed on by the jury, matters apparent of record, such as a judgment, and the issuing and return of an execution, as was done by the first instruction.  The court may, if it seems necessary, inform the jury that such a judgment was recovered, such an execution was issued and returned, because these are matters to be decided by the court and not by the jury; but we can not perceive how appellant could have been prejudiced by the instructions.  Instructions eleven and twelve were perhaps unnecessary, but we would not regard the giving of them as reversible error.

The judgment will be reversed and the cause remanded.