## William H. Mills v. Oscar Larrance.

1. EVIDENCE—*Costs—Judgments.*—Defendant obtained judgment on two judgment notes which, with attorney fees, amounted to $1,055. After execution was levied plaintiff had judgment opened, and claimed that he owed only $300.70, and that the amount had been tendered, together with costs up to the time of tender. On the trial the question of

Mills v. Larrance.

tender was decided against plaintiff, and the judgment was reduced to $300.70, which plaintiff paid, together with costs of suit, amounting to $256.21. Afterward plaintiff commenced an action against defendant for excessive levies under the two judgment notes and was permitted by the court to prove as part of the expense which he had incurred in defending against the collection of the $1,055 judgment, that he had been thereby compelled to pay the $256.21 court costs which had been occasioned thereby. *Held*, that the admiss of such evidence was error for the reason that plaintiff admitted that he owed defendant a balance of $300.70 on the notes upon which that judgment had been rendered, and claimed that he had tendered that amount, together with costs up to the time of the tender, which defendant denied, and on the question of whether such tender had been made, plaintiff lost, and the costs for that reason were adjudged against him, and that adjudication is binding upon both plaintiff and defendant.

Trespass on the Case, for excessive levies. Appeal from the Circuit Court of Vermilion County; the Hon. Ferdinand Bookwalter, Judge presiding. Heard in this court at the November term, 1901. Reversed and remanded. Opinion filed June 20, 1902.

D. D. Evans and Guy M. McDowell, attorneys for the appellant.

Robert W. Fisk, S. M. Clark and George T. Buckingham, attorneys for appellee.

Mr. Presiding Justice Burroughs delivered the opinion of the court.

On April 12, 1901, the appellee, Oscar Larrance, began an action on the case in the Circuit Court of Vermilion County against the appellant, William H. Mills, which was tried by jury and resulted in a verdict and judgment in favor of appellee for $4,000 damages.

Appellant moved for a new trial, which being overruled, he brings the case to this court by appeal, and, to effect a reversal of the judgment, insists that the verdict is not supported by the evidence; that the court admitted improper evidence for appellee; and that the damages are excessive.

The declaration contains three counts. The first avers that on October 16, 1900, appellee was possessed of personal property of the value of $3,000, and was indebted to appel-

lant in the sum of $300.82 on two promissory notes; that appellant, well knowing the premises, for the purpose of oppressing and wronging appellee, on that day, by virtue of the power of attorney attached to the notes, without notice to him, procured a judgment in the Circuit Court of Vermilion County against him on the notes for the sum of $1,055; that in furtherance of said purpose, appellant placed an execution issued on the judgment in the hands of the sheriff and willfully and maliciously caused him to levy the same on all of said personal property, and to hold the same by virtue of the levy for a long time, to wit, three months.

The second avers that on October 29, 1900, appellee was indebted to appellant $420 for rent, and then and there offered and tendered same to him, but he refused it, and on that day issued a distress warrant against appellee for said rent and wrongfully, oppressively and maliciously caused an agent of his to levy the same upon the crops and personal property of appellant of the value of, to wit, $3,000, and to take and hold the same under the levy, until, to wit, January 29, 1901, at which time appellant accepted the tender and dismissed all proceedings under the warrant.

The third avers that on the 16th of October, 1900, appellee was indebted to appellant on two promissory notes in the sum of $300.82—the notes having been originally given for about $1,000, on which appellee was then entitled to credits of about $700; and appellant, well knowing the premises, willfully, maliciously, and for the purpose of oppressing and wronging appellee and to injure him in his credit, by virtue of the power of attorney attached to the notes, without notice to him, procured a judgment in the Circuit Court of Vermilion County against him upon the notes, for the sum of $1,055; that he caused an execution to issue on the judgment and placed it in the hands of the sheriff of said county; that in furtherance of said purpose, and to injure appellee in his financial standing and credit, appellant willfully and maliciously directed the sheriff to levy the execution upon all the goods and chattels of appellee of the value, to wit, $3,000, and wrongfully and

maliciously directed him to hold the goods and chattels by virtue of the levy for a long time, to wit, three months; by reason whereof appellee was unable to have or use the goods and chattels.

And in the declaration, appellee claimed $20,000 damages for the detention of his property, injury to his credit, and expenses incurred in setting aside the judgment and defending the suit on the notes and the distress proceeding.

The evidence shows that appellant and appellee had been for some time before the transactions out of which this suit was commenced, on intimate business relations. For several years appellee had been a tenant of appellant, and from time to time had borrowed money of him for which notes were given. Among the notes thus given, was one dated December 23, 1898, by which appellee, together with one J. C. Larrance, promised to pay appellant $350 one day after date, with interest at seven per cent per annum after date until paid; and another dated April 25, 1900, by which appellee and said J. C. Larrance promised to pay appellant, one year after date, $552.04, with interest at seven per cent until paid. Attached to each note was a power of attorney, signed by the makers of the note, in which they irrevocably authorized any attorney at any time after date of the note to confess judgment upon the same for such amount as may appear unpaid thereon, together with costs and ten per cent attorney's fees. On October 16, 1900, appellant caused a judgment to be entered in the Circuit Court of Vermilion County in his favor by confession on the two notes under the respective power of attorney attached to each, for the sum of $1,055, it being the amount appearing to be due him thereon. On the same day the judgment was rendered, appellant procured an execution to be issued on the judgment, and the same was delivered to the sheriff, who sent it to his deputy, living near where appellee was living.

On October 17, 1900, appellant saw the deputy sheriff, and, as testified to by the deputy, told him to levy the execution on all the property which appellee had, and for that

purpose, went with the deputy to the farm where appellee was living, and showed him appellee's corn and other personal property. The deputy sheriff then informed appellee that he would levy the execution on his corn, then shucked and cribbed; on his farm wagons, implements and live stock; all of which in value is variously estimated to have been then worth from $1,800 to $3,000. The deputy, when he was at the farm to make the levy, told the two hired men of appellee that he would appoint them the custodians of the property for the sheriff, until appellee should give him a forthcoming bond, which was done the same, or the next day.

The indorsement of the levy upon the execution was not made thereon, however, until November 14, 1900.

Upon proper application made to the Circuit Court, an order was made opening the judgment that had been confessed, staying the execution and permitting appellee to defend against the notes; and he set up that he had paid appellee all but $300.70 on the $552.04 note, and that it had been given in settlement of the $350 note, and a balance which appellee owed appellant on another note.

The suit on the two notes was tried by jury on June 7, 1901, and appellant recovered a verdict and judgment for $300.70, besides the costs, which amounted to $256.21.

Upon that trial there was a serious conflict in the evidence as to whether or not, on a fair adjustment between them, appellee was or was not indebted to appellant for the full amount of the two notes, or for only $300.70. Appellee paid the $300.70 judgment and the $256.21 costs, which discharged the $1,055 judgment and released the levy of the execution on the property.

On October 24, 1900, appellant issued to an agent, his landlord's warrant for the rent of $420 then due him from appellee, on the ninety acres of land upon which the corn levied upon under the execution had been grown. The agent proceeded at once to where the corn was, and indorsed a levy upon it on the warrant, and on October 29, 1900, he filed the warrant so indorsed with the clerk of the Circuit

Mills v. Larrance.

Court, who issued a summons thereon to the sheriff for appellee to answer the charge therein contained for the rent, at the January term, 1901, of the court.

A short time before the landlord's warrant was issued, appellee, through a grain dealer, offered to pay appellant the $420 rent upon his giving up the written lease for the land, but he declined to receive it and give up the lease, for the reason, among others, that the term therein granted did not expire until March 1, 1901.

At the January term, 1901, appellee paid the $420 rent money into court for appellant, and he accepted it and dismissed the distress proceedings therefor at his costs.

Appellant testified that all he told the deputy, when he went with him to appellee's farm, was for him to levy upon the corn of appellee and enough other property to make the amount of the execution.

Over the objection and exception of appellant, appellee was permitted by the court to prove as part of the expense which appellee had incurred in defending against the collection of the $1,055 judgment, that he had been thereby compelled to pay the $256.21 court costs which had been occasioned thereby, but, in so ruling, we are of opinion the court committed an error, for the reason that in that case appellee admitted that he owed appellant a balance of $300.70 on the notes upon which that judgment had been rendered, and claimed that he had tendered that amount, together with the costs up to the time of the tender, which appellant denied, and on the question of whether such tender had been made, appellee lost, and the costs, for that reason, were adjudged against him, and that adjudication is binding upon both appellee and appellant.

Appellant properly issued the landlord's warrant and had it levied on the corn which appellee had grown on the demised premises, for the rent was due and unpaid, and appellee's offer to pay such rent before the warrant was issued was accompanied with the condition that appellant should then deliver up the written lease between them, which was still in force, and would not expire until March 1, 1901.

And when the rent was unconditionally paid into court for appellant's use, he accepted it, and then voluntarily dismissed the distress proceeding.

A careful reading and consideration of all the evidence in this record has convinced us that the damages awarded to appellee in this cause are so much larger than appellant's offending warranted, even if he had offended as claimed, that it indicates that the jury were actuated either by passion or prejudice, or else did not exercise that reasonable judgment in arriving at their verdict that they should.

For the error indicated in admitting improper evidence, and for the reason that we consider the damages awarded excessive, we will reverse the judgment and remand the case so that another jury may pass upon the issues involved.