## William H. Mills v. Oscar Larrance.

1. DECLARATION—*effect of argumentative, after verdict.* A declaration which is argumentative will, notwithstanding, sustain a verdict where issue has been joined thereon and a trial had.

2. EXCESSIVE LEVY—*how determined.* Where the plaintiff in an action charging an excessive levy has been permitted to show the market value of the property levied upon, the defendant should be allowed to introduce evidence to show the relative amount realized from the sale of such property at public judicial sale, as compared with the ordinary market value of such property.

3. EXECUTION—*amount of property to be levied upon.* In directing a levy upon an execution, the plaintiff therein may take into consideration the probable depreciation of the property levied upon when sold at forced sale, and levy upon sufficient property to realize the execution in view of such depreciation.

4. VERDICT—*when set aside.* A verdict should be set aside which has apparently been actuated by passion or prejudice, or which shows a failure to exercise a reasonable judgment. (Mills v. Larrance, 103 Ill. App. 356, followed.)

5. VERDICT—*when excessive.* A verdict for $3,000 in an action alleging an excessive levy held, under the particular facts, to be excessive. (Mills v. Larrance, 103 Ill. App. 356, followed.)

Trespass on the case alleging excessive levies. Appeal from the Circuit Court of Vermillion County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

D. D. EVANS and J. B. MANN, for appellant.

ROBERT W. FISK, S. M. CLARK and GEORGE T. BUCKINGHAM, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This case is before us for the second time, the judgment on the first trial having been reversed and the cause remanded for the reasons stated in the opinion then filed, reported in 103 Ill. App. 356, to which reference is made for a statement of the issues involved and of the facts in the case. On the second trial, the appellee dismissed the second count of the declaration, and there was a verdict and judgment against appellant for $3,000, from which judgment he again appealed to this court.

Appellee contends that the first count of his declaration sufficiently charges an excessive levy; while appellant insists that the gravamen of the charge in that count is that appellant, in pursuance of a purpose to wrong and oppress appellee, caused to be entered by confession against appellee, a judgment for too large an amount, and caused an execution to issue on said judgment, and wrongfully and maliciously directed the sheriff to levy upon all the goods and chattels of appellee, to his damage, etc. The first count of the declaration is inartistically drawn in attempting to charge appellant with an excessive levy, and in that regard is clearly argumentative. The only advantage that can accrue to appellee under it on that issue, is, that it may be sufficient to sustain a judgment after verdict, in view of the acceptance of such issue by appellant in the proof introduced by him and the instructions offered and given in his behalf. On the second trial, appellee was permitted to show the market value of the property levied upon, but the court refused to allow appellant to introduce evidence to show the relative amount realized from sale of such property at public judicial sale as compared with its market value. This was error. The jury may be presumed to know, as a matter of common knowledge, that property sold at a public judicial sale, usually realizes less than its actual market value, but they were entitled to be advised by competent witnesses what the usual depreciation was at such sale. In directing the levy of his execution, appellant was authorized to take into consideration the probable depreciation of the property levied upon when sold at forced sale, and levy upon sufficient property to realize the execution in view of such depreciation. French v. Snyder, 30 Ill. 339; Gilbert v. Gallup, 76 Ill. App. 526.

The judgment on the first trial was for $4,000, and in reversing it, we said, "A careful reading and consideration of all the evidence in this record has convinced us that the damages awarded to appellee in this cause are so much larger than appellant's offending warranted, even if he had offended as claimed, that it indicates that the jury were

actuated either by passion or prejudice, or else did not exercise that reasonable judgment in arriving at their verdict that they should," and this language is still applicable to the record as it now comes to us, with a judgment against appellant for $3,000. We do not find any prejudicial error in the instructions, although the first instruction given on behalf of appellee, is not free from criticism in that it assumes averments in the first count of the declaration that are questionably justified.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*